# ALLEN & ROBINSON, LIMITED, *v.* ANNIE S. REIST.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 23, 1904.            DECIDED JULY 11, 1904.

### FREAR, C.J., HARTWELL AND HATCH, JJ.

ASSUMPSIT—*no implied promise or liability by owner to subcontractor.*
An owner is not personally liable in assumpsit upon an implied promise to a subcontractor or materialman for materials furnished to the contractor.

MATERIALMAN'S LIEN—*contract necessary.*
A materialman's lien is dependent upon though not created by contract, express or implied. A mere trespasser has no lien under the statute for materials furnished and used in a building on another's land. An allegation merely that the materialman furnished materials which were used in the building is not sufficient.

PLEADING AND EVIDENCE—*variance.*
There is a variance, justifying a directed verdict, between an allegation of a contract between the owner and materialman and proof of a contract between the owner and a contractor and another between the contractor and materialman.

### OPINION OF THE COURT BY FREAR, C.J.

This is an action of assumpsit for $434.81, the balance alleged to be due for materials furnished by the plaintiff to the defendant to be used in moving, repairing and constructing certain buildings, and for the enforcement of a materialman's lien for the same. The complaint was framed on the theory of an express contract between the plaintiff and the defendant—apparently with the expectation that the evidence would show that a third person with whom the plaintiff dealt directly was acting

merely as the agent of the defendant, but it turned out at the trial that this third person was a contractor who was to do the work and furnish the materials under a contract with the defendant and that in dealing with the plaintiff he was acting on his own account. The court thereupon, on motion, directed a verdict for the defendant on the grounds (1) of nonjoinder of the contractor as a party defendant and (2) variance between the complaint and the proof, to which ruling the plaintiff excepted. In the view that we take on the question of variance it will be unnecessary to consider the question of nonjoinder.

It is obvious that the direction of a verdict was correct in so far as any personal liability in assumpsit on the part of the defendant was relied on by the plaintiff, for there was no contract, either express or implied, between the plaintiff and the defendant. The mere fact that the defendant learned, as she apparently did, from the contractor, before the completion of the work, that he was obtaining from the plaintiff the materials, or some of them, that were going into her buildings would not make her personally liable on an implied promise for goods sold and delivered or otherwise. She had no dealings herself with the plaintiff and naturally would suppose that the materials were furnished to the contractor upon the latter's orders given on his own account as required by his contract—which was the fact.

Such being the case, the only question remaining is whether the action could have been sustained as one solely for the enforcement of the materialman's lien. Although a mechanic's or materialman's lien is a creature of statute and not of contract, yet it is dependent upon and does not exist in the absence of contract. There must be a contract with the owner. A mere trespasser who erects a building on the land of another has no lien. The contract with the owner may be either direct with the mechanic or materialman who claims a lien or it may be with an intermediate contractor—in which latter case there should be a second contract between the contractor and the subcontractor or materialman. It is necessary to allege the contractual relation. Otherwise the complaint would not show facts upon which a lien

could be founded. In the present case, an express contract was alleged between the owner and materialman, but the proof was of a contract between the owner and a contractor and a second contract between the contractor and the subcontractor or materialman. The contract alleged was not proved. The contracts proved were not alleged. The mere allegation that the plaintiff furnished materials which were used in the defendant's buildings was not sufficient for the enforcement of the lien.

The exceptions are overruled.

*Kinney, McClanahan & Cooper* for plaintiff.

*C. W. Ashford* for defendant.