P. T. ELWELL, Respondent, v. GEORGE MORROW, ANNIE MORROW, his wife, CARRIE CAIN, ADDISON CANE, Trustee, HARRY LAWRANCE and EDWIN S. MARSTON, Respondents: THOMAS MARNANE, Intervenor and Appellant

No. 1566.    (78 Pac. 605.)

1. Mechanics' Liens: Statement: Filing: Creation of Lien: Notice.

Under Revised Statutes 1898; section 1386, providing that an original contractor has sixty days after the completion of his contract in which to file for record a claim and notice of his claim for a lien, a right to a lien, though existing on the completion of the contract and for sixty days thereafter, is not in fact created until the contractor files for record the statement and notice required by law.

Elwell v. Morrow et al.

2. **Same: Foreclosure: Publication of Notice: Proof of Claims: Time: Waiver.**

Revised Statutes 1898, section 1391, provides that, at the time of filing the complaint for a lien and issuing the summons, plaintiff shall cause a notice to be published, notifying all persons claiming liens on the premises in question to appear before the court on a specified day and prove such liens and all liens against the property not then exhibited shall be deemed waived. *Held,* that where, when a contractor published notice under such section, and, on the date fixed for hearing, another contractor's time within which he could file a lien had not expired, and he was neither made a party, nor served with process, his failure to appear and prove his lien on the day specified was not a waiver of his lien.[1]

3. **Same.**

Where a published notice under Revised Statutes 1898, section 1391, appointed February 20, 1903, as a day on which parties claiming liens on certain property described should file the same, and no steps were taken thereunder until April 3, 1903, and an intervener was allowed in August, 1903, to file his claim, and no action was taken or trial had to determine the respective rights of the lienholders until long thereafter, the other lienholders were not prejudiced by the failure of the intervener to file for record his lien prior to February 20, 1903; and it was error to strike his complaint in intervention from the files.

4. **Same: Statutes: Substantial Compliance.**

Since Revised Statutes 1898, section 1391, providing for the foreclosure of mechanics' lien is a remedial statute, a substantial compliance with its provisions is sufficient.

(Decided November 26, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall,* Judge.

Action to foreclose a mechanic's lien. From a judgment in favor of the plaintiff, the intervenor appealed.

REVERSED.

---

[1] Garland v. Irr. Co., 9 Utah 350.

*Messrs. Thompson & Gibson* for appellant.

The court erred in making and entering the order sustaining respondents' motion to strike out the amended complaint in intervention.

Section 1391 of the Revised Statutes of Utah, 1898, so far as its provides for notice by publication to other mechanic's lienors who are residents of the State and can be found therein is unconstitutional and void as being in contravention of section 1, article 14 of the amendments to the Constitution of the United States which is as follows: "nor shall any State deprive any person of life, liberty, or property, without due process of law;" and said section also contravenes section 7 of article 1, the Constitution of Utah which is as follows: "No person shall be deprived of life, liberty, or property, without due process of law."

As stated by Mr. Webster in the Dartmouth College Case "due process of law" means "the general law, which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial."

Due process of law requires notice, hearing and judgment according to that system of jurisprudence of which ours is derivative. It therefore is important in determining what kind of notice constitutes "due process of law" in any judicial proceeding affecting a man's property, to ascertain what notice has always been required and deemed essentially necessary in actions of that kind under our system of jurisprudence.

In a proceeding *in rem* in the strict sense of the term, as in admiralty where the proceeding is one taken directly against property and has for its object the disposition of the property, without reference to the title of individual claimants, persons are not made parties to the suits and it is not essential to the jurisdiction that the persons having an interest in the thing affected by the judgment should have personal notice of the proceeding, or any other notice than such as is implied in the seizure of the thing itself. Pennoyer v. Neff, 95 U.

S. 734, 24 Law Ed. 572; 24 Am. & Eng. Ency. of Law (2d.Ed.), 463.

In an action *in personam* in the strict sense of the term, to-wit: In one affecting the person and in which a general judgment can be rendered upon which a general execution can be levied, personal services is essential. Greiner v. Railway, 21 Utah 158.

Actions between parties where the direct object is to reach and dispose of property, owned by them, or of some interest therein, while strictly actions *in personam* are sometimes called actions *in rem* in a broad sense of the term. Such are cases commenced to partition real estate, foreclose a mortgage, or enforce a lien as in this case. Pennoyer v. Neff, 95 U. S. 734, 24 Law Ed. 572; 24 Am. and Eng. Ency. of Law (2d Ed.), 463.

The question in this case then is: What is due process of law so far as the service of summons is concerned in cases of this last-mentioned character, to-wit: the foreclosure of a mechanic's lien?

The distinction between proceedings strictly *in personam* and proceedings *in personam* though in the nature of proceedings *in rem* or proceedings *in rem* in the broad sense of the term has been frequently drawn in that class of cases in the federal courts of which Pennoyer v. Neff is a leading one in which the validity of judgments rendered after service by publication on nonresidents has been adjudicated. The importance of the distinction lies in this, that were it not recognized and were a State to have no power to bring a nonresident into its courts for any purposes by publication, the State would be impotent to perfect the titles of real estate within its limits held by its own citizens; and a cloud cast upon such title by a claim of a nonresident would remain for all time a cloud unless such nonresident should voluntarily come into its courts for the purpose of having it adjudicated. In such cases the State may provide any reasonable methods of imparting notice. Arndt v. Griggs, 134 U. S. 316, 33 Law Ed. 918.

A mechanic's lien is a vested right when perfected

by complying with the terms of the statue.   Kirkwood v. Hoxie, 95 Mich. 62, 35 Am. St. Rep. 549.

Assuming for the sake of argument that section 1391 of the Revised Statutes is constitutional, still it does not apply to the facts in this case for the reason that intervenor's assignor did not hold or claim a lien on said premises at the time said suit was commenced nor even at the time set in the published notice, to-wit, February 20, 1903.   The law can only apply to the holders of recorded liens.   Hunter v. Truckee Lodge, 14 Nev. 24.

If we go further and admit for the moment that section 1391 of the Revised Statutes of 1898, applies to the facts in this case then the action must be considered a proceeding to enforce not only the lien of the plaintiff herein but also the liens of all persons holding or claiming liens on the premises.   The intervenor under that construction of the statute was connected with the proceedings by force of the statute from the moment the action was commenced and the notice published. Hunter v. Truckee Lodge, 14 Nev. 24.

This can be the only theory upon which the lower court could proceed to make and enter findings of fact and conclusions of law and enter a decree adjudicating the rights of this intervenor.   We beg leave, however, to call the court's attention to the fact that this proceeding was not the informal one contemplated by said section 1391 but was a formal proceeding analogous to a proceeding to foreclose a mortgage.   It does not appear that any liens were determined on the 20th day of February, 1903, or at any other time before trial in said action.   The intervenor filed his complaint in intervention before trial and at the time he so filed his complaint in intervention the situation of the parties to the suit was exactly the same as on the 20th day of February, 1903.   No rights of third persons had intervened and no one could have been injuried by reason of said claim of lien being presented at the time of such filing instead of on the 20th day of February 1903.

We insist that if the respondents wish to so strict-

ly enforce the provisions of section 1391 they must themselves follow them strictly. As to the other errors assigned on this appeal we can only say that it is a principle too elementary to need the citation of authorities that a court cannot adjudicate the rights of a person who is not a party to the cause and even though it be held that this intervenor was a party from the commencement of the proceedings he had been expressly stricken therefrom before any trial or hearing had been had and before the findings were made or the decree entered.

*C. S. Patterson, Esq.*, and *Geo. W. Moyer, Esq.*, for respondents.

It is to be noted that section 1391, Rev. St. Utah, 1898, expressly provides that a failure to exhibit liens in response to published notice constitutes a waiver of the lien. Under this statute no excuse for failure to comply, however good that excuse might be, seems to be available.

Neither does the fact that appellant had not filed his notice of lien on the day fixed by the notice seem to be material. The language of the statute is that notice is direct to "all persons holding or claiming liens" thus showing the evident intent of the Legislature to require all lien claimants to appear, whether they had filed their notice of lien and thus become lienholders, or whether they were simply entitled to a lien and so lien *claimants*.

This was the construction of the statute contended for by respondent, and given it by the trial court; that it was correct is virtually conceded by appellants when they argue that section 1391 is unconstitutional.

The mechanics lien is unknown to the common law, it is purely a creature of statute and confers special privileges on certain classes. Such laws are always construed strictly and their privileges will not be extended by implication.

"The mechanic's lien law confers special privileges and rights upon one class of people, not enjoyed by others; therefore courts in construing such statutes confine them to their express letter and require that the case shall be brought clearly within them before relief will be granted." Sutherland, Stat. Con., sec. 398, p. 508; Rude v. Mitchell, 97 Mo. 365; Rothgerber v. Dupuy, 64 Ill. 452; Womelsdorf v. Hufner, 104 Pa. St. 1; Wagar v. Briscoe, 38 Mich. 587. Section 1391 is not unconstitutional.

It appears to us that the entire argument of the appellant is based upon a misapprehension of the purpose and scope of the statute. Inasmuch as the right to a mechanic's lien is purely statutory it is entirely competent for the statute to provide the methods by which the lien may be acquired and by which it may be lost. It is only by complying strictly with all statutory requirements that the lien is gained or preserved. A lienholder has a right of action against the owner for four or eight years, yet he must commence his action to foreclose within one year or his lien is lost. The courts generally hold that a lien is lost if other security is taken. This court with many others has held that a lien is lost if an independent action to recover on the account is instituted. (Garland v. Irrigation Co., 9 Utah 350, Affirmed in 164 U. S. 1.) So the lien may be waived by special contract, and in addition to these various methods our Legislature has provided that if one's claim for a lien be not exhibited in the suit of the lien holder first commencing foreclosure proceedings then the lien is waived. *In other words section 1391 does not prescribe a method of obtaining jurisdiction over the lien claimant it is simply a provision that if he does not come in voluntarily and submit himself to the judisdiction of the court in a proper case, that he waives his lien.*

This regulation is entirely proper and was doubtless enacted not only to prevent a multiplicity of suits but also to prevent a number of lien claimants from

harassing an owner by successive foreclosures when all the matters could be better adjusted in a single action.

One furnishing material or work for a building necessarily knows whether other contractors are employed. If so it is his duty to know whether any of them are foreclosing their liens. The length of the time during which notice must be published makes this duty neither difficult nor onerous.

We think when the purpose and scope of the statute are correctly understood that its constitutionality is apparent.

Counsel for appellant contend that no rights of third parties had intervened up to the time their petition of intervention was filed and that therefore no one would have been injured by allowing them to prove their lien.

The question presented was not one of expediency or one in which the court had any discretion. The only question was, ''Had the appellant complied with the law?'' As they themselves were compelled to answer that question in the negative, it was the simple duty of the court to enforce the mandatory provision of the statute and declare appellant's lien waived.

No error appears in the twelfth finding of facts or in the conclusion of law that appellant's lien was waived. The record does not pretend to present any of the evidence on which the finding of fact was made. It does however affirmatively appear from the record that apellant's claim was presented to the court on August 24th, more than seven months after the date fixed by the published notice, and we do not find it intimated in the record we have, or in appellant's brief that appellant claims to have exhibited it to the court at an early date.

In the absence of the evidence the findings of the court will not be reviewed by this court but it will be conclusively presumed that the finding was supported by sufficient competent testimony.

## STATEMENT OF FACTS.

This is an action to foreclose a mechanic's lien, Section 1391, Revised Statutes 1898, under which the action is brought, provides that, "at the time of filing the complaint and issuing the summons, the plaintiff shall cause a notice to be published at least once a week for three consecutive weeks in one newspaper of general circulation, published in the county, notifying all persons holding or claiming liens on said premises, under the provisions of this chapter, to be and appear before said court on a day specified therein, and during a regular term thereof, and to exhibit then and there the proof of said liens. On the day appointed, all persons claiming liens against the premises shall appear before said court and exhibit the same, . . . and all liens not so exhibited shall be deemed to be waived against the property." The facts of this case, so far as material to the determination of the questions raised by this appeal are as follows: On the 17th day of January, 1903, P. T. Elwell, assignee of the Parker Lumber Company, commenced an action in the Third District court, Salt Lake county, Utah, to foreclose a mechanic's lien on certain real estate in Salt Lake City, Utah, owned by defendant George Morrow, for certain material alleged to have been furnished by said Parker Lumber Company in the erection of a dwelling house upon said property by defendant Morrow. The summons was filed on return, on the 24th day of January, 1903, and the complaint was filed on the same day. The plaintiff, Elwell, duly caused notice to be published as provided in section 1391, supra, setting the 20th day of February, 1903, as the day on which other lienholders should exhibit their liens. Proof of publication of said notice was filed on the 3d day of April, 1903. One A. T. Lawrence, assignor of Thomas Marnane, the intervenor and appellant herein, on the 7th day of July, 1902, entered into an agreement in writing with said Morrow to set in place and finish the steam heating and

plumbing in said dwelling house to be erected by Morrow on the aforesaid property, and commenced to, and did, furnish and deliver materials on said premises in the performance of the work under the contract on the 15th day of July, 1902,which were used in the construction of said building, and continued thereafter to furnish materials and do work under the contract until the 10th day of January, 1903, when all of said work was performed and materials furnished as provided in the contract. On the 25th day of February, 1903, five days after the date set in the notice published by plaintiff, Elwell, for other lienholders to exhibit and prove their liens, and within sixty days after the completion of his contract, said Lawrence filed a mechanic's lien against the property mentioned, for the work done and materials furnished under and by virtue of his contract. On July 9, 1903, Lawrence assigned his lien to Thomas Mornane, intervenor, and appellant. Neither Lawrence nor Marnane had actual notice of the commencement of said action of foreclosure by P. T. Elwell, or of the publication of said notice, until long after the said 20th day of February, 1903. On the 24th day of August, 1903, an order was duly made and entered allowing the intervention of Thomas Marnane, and an amended complaint in intervention was filed on the 24th day of September, 1903. Upon motion an order was made and entered on the 5th day of October, 1903, striking said amended complaint in intervention from the files on the ground that the intervenor had waived his lien by failing to exhibit the proof thereof on the 20th day of February, 1903, the day set in said published notice. Thereafter, and on the 16th day of October, 1903, the court entered its findings of fact and conclusions of law, and its decree based thereon, wherein it was found and decreed that the intervenor had not exhibited his lien on the 20th day of February, 1903, and that therefore said lien had been waived, and that the said intervenor had no lien. Whereupon Thomas Marnane, intervenor, appeals to this court.

McCARTY, J., after the foregoing statement of the case, delivered the opinion of the court.

The only question presented by this appeal is, did appellant's assignor, A. T. Lawrence, waive his lien by failing to exhibit it in court on the date (February 20, 1903) specified in the notice published by Elwell to all other lienholders to appear and exhibit their liens against the property? Under the provisions of section 1386, Revised Statutes 1898, an original contractor has sixty days after the completion of his contract in which to file for record "a claim in writing containing a notice of his intention to hold and claim a lien" for any balance that may be due him for materials furnished or work done by him in the construction of a building. And while a right to a lien exists in his favor on the completion of his contract, and for sixty days thereafter, yet no lien in fact is created until he files for record the statement and notice mentioned in section 1391, Revised Statutes 1898. Jones on Liens, 1430.

In the case of Garland v. Irrigation Co., 9 Utah 350, 34 Pac. 368, this court, speaking through Mr. Chief Justice ZANE, said: The contract itself does not give the lien, or the right to the remedy to enforce it. When the work under the contract is done, and the statement is filed, the lien comes into existence, and relates to the time of commencing the work or furnishing the materials; and when the work is done or the materials are furnished, and the statement is filed, and a breach of the contract has occurred, the right to the remedy exists."

Therefore there is no merit in the contention that appellant's lien was waived because he did not exhibit it in court with the necessary proofs on the date specified in the notice, which antedates the creation of the lien, and of which neither the appellant nor his assignor had actual knowledge.

The record shows that the notice referred to and proof of publication were not filed in court, or with the clerk thereof, so as to give the court jurisdiction

of other lienholders, not parties to the action, until April 3, 1903—more than forty days after the time designated in the notice for such lienholders to exhibit their liens. And furthermore no action was taken or trial had by the court to determine the respective rights of respondents, of appellant, and other lienholders, if any there were, until long after appellant was permitted to intervene, and his complaint in intervention stricken from the files. It is therefore apparent that respondents were in no way prejudiced because of the failure of appellant or his assignor to file for record prior to February 20, 1903, the lien in question, and to exhibit the same in court on that date.

A. T. Lawrence, appellant's assignor, had sixty days from the time of the completion of his contract in which to file for record his claim of lien; and he could not be deprived of this right by respondent Elwell arbitrarily fixing a date in his published notice requiring all lienholders not parties to the suit to exhibit their liens in court on a date within and before the expiration of the time thus given original contractors by section 1386, in which to file liens. If respondent Elwell desired to compel appellant to appear in court and set up whatever interest he had in or claim against the property by virtue of his right to a lien prior to the time his claim to a lien was filed for record, and within the sixty day limit in which liens must be filed, he should have made appellant a party to the suit, and served him with process of summons. The court in that event would have had jurisdiction to adjudicate and determine his rights, in connection with those of other lienholders properly before it.

The weight of authority is to the effect that the well-established rule that remedial provisions of statutes are to be liberally construed applies to, and should be followed in, proceedings to foreclose mechanics' liens. Hunter v. Truckee Lodge, 14 Nev. 24; Boisot, Mech. Liens, 34; Philips, Mech. Liens, 16;

28 Utah—19

Jones on Liens, 1556; 20 A. & E. Ency. Law (2d Ed.), 278. As the purpose of the law providing for the combining of all liens upon the same property in one action is to save expense, and to enable the court to more conveniently determine the respective rights of the several lien claimants and to distribute the fund accordingly, a substantial compliance with the provisions of section 1391 is all that is required.

We are of the opinion, and so hold, that the court erred in striking from the files appellant's complaint in intervention.

The case is reversed, with directions to the trial court to set aside the order dismissing appellant's complaint in intervention, reinstate the same, and proceed in accordance with the views herein expressed. Costs of this appeal to be taxed against the respondents.

BASKIN, C. J., and BARTCH, J., concur.