EMMELUTH & COMPANY, LIMITED, *v.* AU IN KWAI,
C. AH YETT, LUKE JICK TING, YIM KWOCK
HUNG, HOY KEE, AND LAU WING HON, DOING
BUSINESS AS "LUEN CHONG COMPANY," AND
J. WEBER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 4, 15, 1910.                    DECIDED JUNE 20, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

MECHANICS' LIENS—*not maintainable upon structure alone.*

Under Section 2173, R. L., a lien cannot exist or be enforced
against any of the structures there named separately from the in-
terest of its owner in the land upon which it is situated.

ID.—*notice of lien.*

The instrument set forth in the opinion held not to be a notice
of the existence or claim of a lien upon the owner's interest in the
land.

OPINION OF THE COURT BY PERRY, J.

This is an action brought under R. L. Sec. 2177, the plain-
tiff claiming of the defendant J. Weber, who is alleged to
have been "the original contractor," the sum of $635.50 for
work and labor done and materials furnished, and praying for
the enforcement of a lien upon a certain revolving bake oven
and upon the interest of the remaining defendants in the land
upon which the oven stands. Judgment was rendered for the
enforcement of the lien as prayed for.

The notice of lien filed under R. L. Sec. 2174, reads as
follows:

"Notice is hereby given that Emmeluth & Company, Limit-
ed, an Hawaiian Corporation, having its principal office in Ho-
nolulu, Territory of Hawaii, claims a lien under Section 2174
of the Revised Laws of Hawaii as amended by Act 97 of the
Session Laws of 1909, against Au In Kwai, C. Ah Yett, Luke
Jick Ting, Yim Kwock Hung, Hoy Kee, and Lau Wing Hon,
all of said Honolulu, doing business under the firm name and

style of 'Luen Chong Company,' and carrying on the business of bakers and manufacturers in said Honolulu, for labor and material furnished in the construction of that certain revolving bake oven situated on the premises of said Luen Chong Company and within the building used as the Luen Chong Company Bakery, 120 North King Street, between Maunakea and Kakaulike Streets, in said Honolulu.

"Said lien is for the sum of $635.50, and interest thereon from September 24, 1909, the same being for labor and material furnished by said Emmeluth & Company in the construction of said revolving bake oven, the nature of said labor and material, and the price and cost thereof, being more fully set forth in the schedule hereto attached and marked 'Exhibit A.,' and made a part hereof.

"That said members of said 'Luen Chong Company' are the owners of the said above described property and that said claim for $635.50, together with interest thereon as aforesaid, does not exceed the value of said property.

"That the said sum of $635.50 claimed is just, is due, and wholly unpaid.

"That this notice and claim for lien is filed within 45 days and no longer after the completion of the construction of said revolving bake oven against which it is filed; and

"That said Emmeluth & Company, Limited, will enforce in said sum of $635.50, with interest and costs, by instituting suit therefor in the courts of the Territory of Hawaii, as authorized by law, unless said lien shall be sooner satisfied by the payments of said claim and costs of this proceeding."

Is this a sufficient notice within the meaning of Sec. 2174 of the existence of a claim of a lien upon the interest of the owners of the oven in the land upon which it stands? The natural reading of the instrument leads to the conclusion that it is not. The attention throughout seems to be drawn to the fact that the lien is claimed upon the oven. There is no specific statement that any lien exists or is claimed against the interest of its owners in the land, nor even that its owners have an interest in the land. The phrase does indeed occur, "on the premises of said Luen Chong Company," but this was inserted merely

by way of description of the oven. The notice was evidently drawn upon the theory that the claim was against the oven only, and, while the declaration sets forth a claim against both the oven and the interest of its owners in the land, the claim throughout the trial below and at the argument on these exceptions was expressly confined to that of a lien upon the oven alone, the contention in both courts being that a lien upon the structure, separately from any interest in the land, is authorized by our statute. Sec. 2174 expressly requires, among other things, that the notice contain "a description of the property sufficient to identify the same." This doubtless means the property upon which the lien is claimed. The notice, as filed, does not comply with this requirement, the language used being merely descriptive of the oven. It would only be by surmise or by an unduly strained construction that a suggestion could be found in the document of a claim of lien against the interest of the defendants in the land. Under Sec. 2174 the notice required is a notice "thereof," that is, of the lien, and even though by a strained construction it could be held that the fact that the defendants own an interest in the land is sufficiently disclosed, still no language is used to permit the construction that a lien exists or is claimed upon that interest. The statute requires that all matters should be set out which are "necessary to a clear understanding" of the claim. As far as the interest in the land is concerned that provision likewise is not complied with in the attempted notice. The view that in the notice the claim was intended to be confined to a lien against the oven is strengthened by the language of the paragraph before the last referring to the "revolving bake oven against which it" (the claim of lien) "is filed."

Sec. 2174 specifically provides that the lien does not attach unless notice thereof is filed within the time stated. As to the defendants' interest in the land, no notice having been filed, the lien did not attach and cannot now be enforced. This

leads to a consideration of the question whether a lien can exist under this statute against the structure independently of its owner's interest in the land. The oven, in the construction of which the labor and materials were used, is 14 feet in length by 13 feet in width with walls of brick placed upon foundations of concrete extending from 6 to 7 feet below the surface of the ground. No evidence whatever was adduced at the trial tending to show what interest, if any, the defendants other than Weber had in the land upon which the oven stands, or by what right they caused, if they did, the oven to be there constructed. Counsel on both sides agreed, however, both at the trial and in this court and presumably with reference to the facts as well as to the law, that the oven was a trade fixture, at least as between the landlord and the defendants, removable by the defendants at any time before the expiration of their tenancy. They are also agreed that the oven is a "structure" within the meaning of Sec. 2173.

In the attempt to support the judgment the plaintiff's main reliance is upon the contention that a lien exists against the oven separately. In this view we cannot concur. The question is purely one of statutory construction. Sec. 2173 reads as follows: "Allowed when. Any person or association of persons furnishing labor or material to be used in the construction or repair of any building, structure, railroad or other undertaking, shall have a lien for the price agreed to be paid for such labor or material (if it shall not exceed the value thereof) upon such building, structure, railroad or other undertaking, as well as upon the interest of the owner of such building, structure, railroad or other undertaking in the land upon which the same is situated." The lien given is upon the structure as such and not upon its materials. It was apparently intended by the legislature that the lienor, as well as the purchaser at the execution sale, should have the benefit of the use of the structure as such and for that reason as well as for other

reasons, provided that the interest of the owner in the land should also be subject to the lien. In the case at bar a sale under foreclosure of a lien against the oven would be in its practical results a sale of the materials only. In the great majority of cases buildings are erected only by those who have an interest in the land upon which they stand. That interest may be the fee or it may be something less; it may be for a longer or for a shorter period, and it may in some cases, perhaps, permit or require the removal of the building at the expiration of the term. But whatever the interest, if it is seized jointly with the building, the value of the latter to the lienor and to the purchaser will, it is obvious, be ordinarily much greater than if the interest in the land were not also liable for the debt. More important still is the fact that to construe the statute as contended by the plaintiff would be to permit the lienor at his option to sacrifice in many, perhaps in most, instances much of the value of the debtor's property. A building, if subject to be sold separately, could be forced upon the market for the value of its materials only with the consequent loss to the owner of the greater part of its cost and value as a completed structure. Again, difficulties would often accompany an attempt to sell separately the structures not removable by the persons erecting them. What rights of ingress or egress would the purchaser have in removing the materials? If the owner of the land should see fit to erect a fence around the structure what remedy would the purchaser have? How much time after the sale would the purchaser have for the removal? The statute is silent on all these points and does not provide any method by which a lien established upon a building alone can be made of value to a lienor. It is true that this particular structure is agreed to be a trade fixture but the statute makes no distinction between trade fixtures and other structures. If the oven is subject to a lien it is not because it is a trade fixture but because it is a structure, and if all structures

are subject to a lien then the above mentioned reasoning relating to the policy of the law and to difficulties of enforcement applies. Nowhere in the statute do we find any provision indicating that the legislature intended to allow a lien on a structure separately from its owner's interest in the land. A lien against this oven only is not within the contemplation of the law.

But little aid can be derived from decisions in other jurisdictions. Each is necessarily based upon the language of the statute under consideration, and the provisions of each of the statutes differs to a greater or lesser extent from those of our statute. In *Forbes* v. *Mosquito Fleet Yacht Club,* 175 Mass. 432, the court found in the history of its statutes, and particularly in certain amendments incorporated in the law then before it, indications that the legislature intended that liens should be enforcible against structures apart from any interest of their owners in the land. No such history or amendments exist in the case at bar. It may be added at this point that earlier Massachusetts cases contain reasoning to the contrary. See *Belding* v. *Cushing,* 1 Gray 576; *Hayes* v. *Fessenden,* 106 Mass. 228, and *Stevens* v. *Lincoln,* 114 Mass. 476. In *Turner* v. *Robbins,* 78 Ala. 592, there was a mortgage on the land executed prior to the erection of the improvements, and a provision in the statute that "any person enforcing such lien, where there is a prior mortgage or lien upon the land, may have such building, erection or improvement sold under execution, as provided in this chapter, and the purchaser may remove the same within a reasonable time thereafter." Largely by reason of this provision the court seems to have reached the conclusion that even in cases where there was no prior mortgage the creditor could waive the lien as to the land and enforce it solely against the improvements. To the extent, at least, of the provision just quoted the Alabama statute differs from ours. In *Babbitt* v. *Condon,* 27 N. J. L. 154, *Coddington* v. *Dry Dock*

Co., 31 N. J. L. 477, and *Ranson* v. *Sheehan,* 78 Mo. 668, the court construed the statutes as we construe ours. Notwithstanding possible differences in the language of the statutes, the reasoning of those opinions is instructive and to some extent applicable. See also Phillips on Mechanics' Liens, Sec. 199, and *Kellogg* v. *Mfg. Co.,* 1 Wash. 407.

The questions here considered are sufficiently presented under exceptions 4 and 5 and perhaps under others. Exception 4 was to the overruling by the court of the defendants' objection to the introduction of any testimony, and exception 5 to the overruling of defendants' objection to the introduction in evidence of the notice of lien, the ground of the objection in each instance being "that the property described in the complaint and the notice of lien is not such property as is subject to lien in contemplation of Section 2173, Revised Laws of Hawaii."

The other questions argued need not be determined as in no event can a judgment enforcing the lien be supported.

The exceptions are sustained, the judgment set aside and the case remanded with directions to enter judgment, as far as the lien is concerned, for defendants, and for further proceedings not inconsistent with this opinion. Whether by inadvertence or otherwise no personal judgment was entered, although ordered, against Weber.

*M. F. Prosser and A. G. Smith (Kinney, Ballou, Prosser & Anderson* on the brief) for plaintiff.

*C. C. Bitting (Thompson, Clemons & Wilder* on the brief) for defendants.