CHARLES LUCAS, JOHN LUCAS AND MARY N. LUCAS, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF LUCAS BROTHERS, *v.* MELLIE E. HUSTACE AND J. R. DAVIS.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 23, 1911.          DECIDED DECEMBER 1, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MECHANICS' LIENS—*right of material-man—contract against liens.*

> The right to a lien which is given by statute to a material-man can not be destroyed by a provision against liens contained in the contract between the owner of the building and the contractor, to which contract the material-man was not a party and of which he had no knowledge.

OPINION OF THE COURT BY PERRY, J.

A circuit judge of the first circuit has certified to this court the following statement of facts and question of law: "Mellie E. Hustace, one of the defendants herein, having contracted with a contractor for the erection of a building on said defendant's premises and the said contractor having purchased materials from the plaintiffs herein, as material-men, which said materials were employed in the construction of said building; and said materials not being paid for and the plaintiffs, within the statutory time after the completion of said building, having duly perfected their lien as said material-men, upon said building and premises, pursuant to R. L. Chapter 140, is the plaintiffs' right to such statutory lien defeated by virtue of certain specific provisions contained in the contract between said defendant and the original contractor, of which plaintiffs had no actual notice or knowledge, the said contractual provisions being as follows: (a) 'No sub-contractor or other person furnishing material or labor to the contractor will be recog-

nized, nor will the owner be responsible in any way for the claims of such persons beyond taking a bond. Persons so furnishing materials or labor have a right of action on said bond in the name of the owner for their use;' (b) 'All lumber to be purchased from Allen & Robinson' (i. e. material-men other than plaintiffs), 'also all other materials, provided that quality is as good and the prices are as reasonable as other parties?' "

Argument has been presented upon the question whether the above recited provisions of the contract sufficiently indicate an intention on the part of the owner and the original contractor to render unavailable to sub-contractors and other persons furnishing material the remedy by lien provided for by statute. In the view which we take of the case it will be unnecessary to consider this question. It will be assumed for the purposes of this opinion that the intention to bar sub-contractors and material-men is sufficiently expressed. It will be unnecessary also to refer to the second provision of the contract (that directing all purchases of material to be made from Allen & Robinson) any further than to say that if the first provision bars the claim of lien the plaintiffs can not in any event recover and that if it does not then the second likewise does not, for that which the contractor and the owner can not accomplish directly can not be accomplished by them indirectly. The second provision is equivalent to a stipulation that no one but Allen & Robinson can under any circumstances have a lien. Has the first provision the effect of barring a lien in favor of the plaintiffs who at the time of furnishing the material had no knowledge of the existence of the stipulation?

Very few reported cases are to be found upon the precise point now before us. The mechanics' lien statutes in various jurisdictions are dissimilar in their terms. Each decision must be read in the light of the statute upon which it is based. But little aid is obtainable for these reasons from the adjudications in other jurisdictions. Statutes elsewhere differ as to the parties in whose favor the lien is created. In some the lien, to

whomsoever allowed, is limited to the amount of the contract price for the improvement and in others to the unpaid amount due the original contractor; in some provision is made for the registration of the original contract; and in various other respects the statutory provisions differ both as to the remedy and as to the prerequisites to obtaining it. In this jurisdiction the lien is given to "any person * * * furnishing labor or material to be used in the construction or repair of any building." R. L. Ch. 140. It accrues in favor of sub-contractors and material-men independently of the original contractor and not by way of subrogation to the rights of the latter (*Allen & Robinson* v. *Redward,* 10 Haw. 151, 153, 154); it is not limited to the amount of the price named in the original contract or to the balance remaining due to the contractors (Id. 154, 155, 156); and there is no provision for registration of the original contract.

The plaintiffs submit an elaborate argument in support of the constitutionality of the statute; but no claim of unconstitutionality has been presented by the defendant. On the contrary counsel for the defendant expressly say in their reply brief that they do not contest the constitutionality of the statute and that their claim as to the effect of the provisions of the contract is advanced irrespective of the theory upon which lien statutes are to be supported. The argument relied upon for the defendant is that the contractor in purchasing materials acts as the agent of the owner by virtue of the contract entered into with the latter, that the material-man must be conclusively presumed to have notice of all of the terms of the contract, that a person dealing with an agent can not bind the principal in matters beyond the power conferred upon him by the contract of agency and that therefore the plaintiffs in this case must be deemed to have had notice of the provision against liens and are bound thereby. Some statutes granting liens to sub-contractors and material-men have perhaps been supported upon this theory of agency and consent of the owner. That, how-

ever, is not the theory prevailing in Hawaii. Liens under our statute have been upheld by this court as arising by operation of law, independent of the express terms of the contract, in case the stipulated labor is performed or the materials are furnished for use in the owner's structure. They are founded upon the equity of assuring compensation to those who improve property for the owner. It has been specifically held that the sub-contractor is not bound by the terms of the contract concerning payments to the contractor or the amount of the contract price. *Allen & Robinson* v. *Redward,* supra. "In the ordinary sense the lien does not arise out of contract but is given by law to those who are placed under certain stated conditions; it arises out of contract in the sense only that the statute declaring that a lien shall exist under those circumstances for the price of certain materials, the owner, when he awards a contract for the erection of a structure of his, is conclusively presumed to have so contracted with reference to the law and to have voluntarily subjected his property to the rights thus given to material-men and contractors." *Hackfeld & Co.* v. *Hilo R. R. Co.,* 14 Haw. 448, 451. This court adopted in that case the views expressed on the subject by the supreme court of the United States and by other federal courts. "This argument rests upon a misconception as to the nature and character of a mechanics' lien. This lien is a creature of the statute, and was not recognized at common law. It may be defined to be a claim created by law for the purpose of securing a priority of payment of the price and value of work performed and materials furnished in erecting or repairing a building or other structure, and as such it attaches to the land as well as the buildings erected thereon. * * * Now, it is not the contract for erecting or repairing the building which creates the lien, but it is the use of the materials furnished and the work and labor expended by the contractor, whereby the building becomes a part of the freehold, that gives the material-man and laborer his lien under the statute. The lien is brought into operation by vir-

tue of the statute, and the contract for building is entered into presumably in view of, or with reference to, the statute." *Van Stone* v. *Manufacturing Co.,* 142 U. S. 128, 136, "The validity of such statutes need not be rested upon mere authority. They find sanction in the dictates of natural justice and most often administer an equity which has recognition under every system of law. That principle is that every one who by his labor or materials has contributed to the preservation or enhancement of the property of another thereby acquires a right to compensation * * *. Such statutes rest upon the principle of natural justice which lies at the foundation of the many liens or preferences of many creditors which we have cited from both the common and civil law. It is true that a lien is created in favor of one with whom the owner has no direct contractual relations. But if the owner makes the contract with the law before him the law enters into and becomes a part of the contract." *Jones* v. *Hotel Co.,* 86 Fed. 370, 385, 387. In the case last cited the court, referring to a lien in favor of sub-contractors arising under a Kentucky statute, repeated the following language which it had used in an earlier case: "It is not a lien originating in a contract for a lien but arises out of the statute independent of any agreement for a lien and is based upon the equity of paying for work done or materials delivered." See also *McMurray* v. *Brown,* 91 U. S. 257; *Hotel Co.* v. *Jones,* 193 U. S. 532; *Central Trust Co.* v. *R. R. Co.,* 68 Fed. 90; *Henry & Coatsworth Co.* v. *Evans,* 10 S. W. (Mo.) 868; *Bowen* v. *Phinney,* 162 Mass. 593, and *Cole Manufacturing Co.* v. *Falls,* 90 Tenn. 466. Pennsylvania cases in the main are relied upon by the defendant. These proceed upon the theory of agency and consent, above referred to, have been disapproved by the supreme court of the United States and are in conflict with the view already taken by this court in the two cases above cited as to the method of the creation of the lien and the theory upon which the law is to be upheld.

Under our statute a lien does not arise in favor of a mere

trespasser and it is essential, therefore, to the creation of a lien that the improvement be authorized by the owner. When the owner grants such authority he acts with knowledge of and in reference to the provisions of our statute, makes those provisions a part of his contract and submits his property to the liens by the statute provided to compensate those who. contribute material to its improvement. To avoid duplicating payments the owner may protect himself by requiring a bond from the original contractor, by dealing solely with those who are financially responsible, by withholding payment of the amount due to the contractor until after the expiration of the period within which notices of liens may be filed, or by other means. *Allen & Robinson* v. *Redward,* supra.

Under the view of the statute adopted by this court material-men are not chargeable with notice of provisions against liens contained in the original contract. Whether or not a material-man has waived the benefit of the statutory remedy or is estopped from asserting it is a question of fact to be determined in view of the circumstances of each particular case. "The lien for material such as the plaintiff advances is a strictly legal one, expressly given by the statute, and it ought not to be considered as waived or released except by plain acts." *Allen* v. *Lincoln,* 9 Haw. 364, 367. In the case at bar no waiver or estoppel is shown. The plaintiffs had no knowledge of the attempted restrictions in the contract and are not barred from enforcing the lien granted them by the statute upon the furnishing of the material. It may be added that the same conclusion was reached in *Miles* v. *Coutts,* 20 Mont. 47, 53. See also *Cost* v. *Hardware Co.,* 108 S. W. (Ark.) 509, 511; *Norton* v. *Clark,* 85 Me. 357, 359; *Brewing Co.* v. *Donnelly,* 59 N. J. L. 48, 50, and *Bates Machine Co.* v. *R. R. Co.,* 70 N. J. L. 684.

The reserved question is answered in the negative.

*W. B. Lymer* and *A. L. Castle* (*Thompson, Wilder, Watson*

Lucas v. Hustace, 20 Haw. 693.

& *Lymer* and *Castle & Withington* on the briefs) for plaintiffs.

*J. A. Magoon* (*Magoon & Weaver* and *N. W. Aluli* on the brief) for defendant Mellie E. Hustace.