## LEWERS & COOKE, LIMITED, A CORPORATION, *v.* WONG WONG, MORRIS ROSENBLEDT, FRED HARRISON AND HONOLULU SKATING RINK, LIMITED, A CORPORATION.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. T. B. STUART, JUDGE.

SUBMITTED JULY 7, 1915.                    DECIDED SEPTEMBER 30, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MECHANICS' LIENS—*construction of statute.*

The rule applicable to the construction of a mechanic's lien statute is that the requirements which are to be met by persons who may assert the lien must be strictly complied with, but that the remedial portions of the statute are to be liberally construed.

SAME—*lien upon lessor's interest in leased land—covenant to erect building.*

Under Chap. 162, R. L. 1915, where land is leased for a term of years and the lease contains a covenant on the part of the lessee to erect thereon a certain building which will revert to the lessor upon the determination of the lease, and the right of reentry upon non-payment of rent or other breach of covenant is reserved, the lessor and lessee are both "owners" within the meaning of the statute, and the lien of a material man who has furnished to the contractor materials which were used in the construction of the building will attach to the interest of the lessor in the land as well as to that of the lessee.

OPINION OF THE COURT BY ROBERTSON, C. J.

(Watson, J., dissenting)

In its complaint in an action to enforce a mechanic's lien the plaintiff alleged, *inter alia,* that the defendant Wong Wong is indebted to plaintiff in the sum of $2586.61, being the balance due for certain materials sold and delivered to the defendant; that said materials were used in the construction of a certain building on a parcel of land (describing it) situate on Fort street, in Honolulu; that the defendants Rosenbledt and Harrison are the owners of said land and building; and that the defendant Honolulu Skating Rink, Limited, holds a lease of said premises for the term of five years from November 1, 1914, which was duly recorded in the office of the registrar of conveyances in Honolulu. The lease referred to, dated the 21st day of September, 1914, demised the premises in question for the term of five years from November 1, at the monthly rental of $250, and contained the following among other covenants on the part of the lessee: That "it shall and will within two months from the date hereof cause to be constructed and completed upon the said demised premises in a good and workmanlike manner, of the best materials of their several kinds, a one-story frame building; that it shall and will expend in the construction of said building not less than the sum of $6000, and the floor as to location, size, and material shall be as the lessors may approve," also that "at he end of said term hereby demised or other sooner determination of this lease, it will peaceably deliver up to the lessors possession of the said demised premises, together with all erections and improvements upon or belonging to the same, by whomsoever made, in good repair, order and condition." And the lessors reserved the right to reenter in case of non-payment of rent or other breach of covenant. A demurrer having been interposed, the circuit court reserved for the consideration of this court three questions which involve the point whether the plaintiff has stated a cause of action against the defendants

Rosenbledt and Harrison as for a lien upon their interest in the land.

Section 2863 of the Revised Laws, 1915 (Chap. 162, Liens), provides as follows:

"Any person or association of persons furnishing labor or material to be used in the construction or repair of any building, structure, railroad or other undertaking shall have a lien for the price agreed to be paid for such labor or material (if it shall not exceed the value thereof) upon such building, structure, railroad or other undertaking, as well as upon the interest of the owner of such building, structure, railroad or other undertaking in the land upon which the same is situated."

The contention advanced on behalf of the above named defendants is that the word "owner" in the statute means "constructing owner," and hence that the lessors' interest in the land ʼis not subject to the lien asserted in this case because, as contended, there was no contract with the lessors for the erection of the building in the construction of which the materials furnished by the plaintiff were used.

First, as to the spirit in which the statute is to be construed. In *Lucas* v. *Redward*, 9 Haw. 23, 25, and *Allen & Robinson* v. *Redward*, 10 Haw. 151, 159, it was held that the statute, being in derogation of the common law, is to be strictly construed. See also *Emmeluth* v. *Au In Kwai*, 20 Haw. 180, as to notice of claim, and *City Mill Co.* v. *Horita*, 21 Haw. 585, as to the description of the property. In the case first named the ruling was made in connection with the contention that a notice of lien when filed would relate back to the time when the materials were furnished and take precedence over an intervening garnishment. In the second case it was made in connection with the contention, which was disapproved, that the lien attaches for the value of material furnished to be used in a certain building or improvement though it was not in fact so used. We do not doubt that the cases cited were correctly decided upon the ground that the prescribed requirements which are to be met by persons who may assert the lien must be strictly complied with, and the conditions which

give rise to the lien must be clearly shown to exist. The reasonable view, we think, is that stated in 20 Am. & Eng. Enc. Law, 278, as follows: "The nearest approach to a general rule which can be safely laid down would seem to be that the remedial portions of mechanic's lien statutes should be liberally construed, but that the other parts, those upon which the right to the existence of a lien depends, being a derogation of the common law, should be strictly construed." See *Davis* v. *Alvord,* 94 U. S. 545, 549; *Russell* v. *Hayner,* 130 Fed. 90, 92; *St. Louis, etc., R. Co.* v. *Love,* 86 S. W. (Ark.) 395, 398; *Nanz* v. *Park Co.,* 103 Tenn. 297, 300; *Elwell* v. *Morrow,* 28 Utah 278, 289; *Clement* v. *Adams, etc., Co.,* 75 S. E. (Va.) 294; *Hill* v. *Kaufman,* 98 Md. 247, 253. "The statute upon the subject is remedial in its nature, and while courts require a strict compliance with all that the statute prescribes for the completion or perfecting of the lien, and cannot by construction supply any failure or omission upon the part of the claimant, and to this extent may be said to place a strict construction upon the statute, as being an innovation upon the common law, yet when the mechanic has done all that it is necessary for him to do, has performed the work or supplied the material, and perfected his lien therefor in the prescribed mode, the duty of the courts is to see that those whom the law intended to protect shall enjoy the advantages which it confers." *Bristol, etc., Co.* v. *Thomas,* 93 Va. 396, 400. "And this liberal construction applies to the subject-matter—that is, the property to which the lien attaches and against which it may be enforced." *Nanz* v. *Park Co.,* supra. In the case at bar it is not disputed that the plaintiff, as the furnisher of material used in the construction of the building in question, is within the class to whom it was intended to give the special remedy, nor is it claimed that any of the conditions precedent to the assertion of the lien have not been complied with. We are considering the statute in its remedial aspect, and that, as above shown, calls for a liberal construction.

The question is whether the plaintiff's lien attaches to the

interest of the lessors, as well as that of the lessee, in the land upon which the building was erected.   This court has already noted that our statute is so different from other statutes on the subject that but little assisance can be derived from the adjudicated cases in other jurisdictions.   *Lucas* v. *Redward,* supra; *Emmeluth* v. *Au In Kwai,* supra.   In this jurisdiction it has been decided that though the lien is given by statute, and not by contract (*Hackfeld & Co.* v. *Hilo R. Co.,* 14 Haw. 448, 451; *Lucas* v. *Hustace,* 20 Haw. 693), it is dependent upon and does not exist in the absence of contract.   *Allen & Robinson* v. *Reist,* 16 Haw. 23.   The owner must have contracted for the improvement, and the material man must have furnished the material pursuant to a contract, but there need not have been a contract between the owner of the land and the material man.   There may be several contracts.   Only in the sense and to the extent suggested need the owner of the land be the "contracting owner."   In the case at bar the lessors' contract was with the lessee, and it, on the other hand, contracted with the builder, who, in turn, contracted with the material man.   The requirement that there must have existed a contractual relation was, therefore, met.   The case hinges upon the meaning of the word "owner" as used in the above quoted statute.   The word "is a general term the precise meaning of which depends on the nature of the subject-matter and the connection in which it is used."   *Magoon* v. *Lord-Young Eng. Co.,* ante, p. 338.   It may include a lessor as well as a lessee.   28 A. & E. Enc. Law 234; *Good* v. *Jarrard,* 43 L. R. A. N. S. (S. C.) 383, 387; *Alley* v. *Lanier,* 41 Tenn. 540, 543.   The word "owner" in the statute includes, of course, the plural.   There may be more than one owner, and such, we think, is the case here.   There is nothing in the statute, nor in the nature of things, to exclude the idea that both the lessor and the lessee of land may subject their respective interests therein to a lien in favor of a material man.   We take it that counsel for the defendants would concede that if a lessor and a lessee jointly contracted with a builder for the erection

of a building upon the demised premises the interests of both would be subject to the operation of the statute. We think that where, as in this jurisdiction, a contract between the owner of the land and the material man is not necessary, the same result follows in case the lessor, as part of the consideration of the contract of lease, has exacted a covenant from the lessee to the effect that he will erect a certain building or structure upon the land, which upon the expiration or sooner determination of the lease, is to become the property of the lessor. See 27 Cyc. 58; *Henderson* v. *Connelly,* 123 Ill. 98; *Paulsen* v. *Manske,* 126 Ill. 72; *Arctic Lumber Co.* v. *Borden,* 211 Fed. 50. We think a holding that the lien attaches to the lessors' interest in the land accords with the spirit of the statute, and is warranted by the letter of the law. Where land is leased and the parties to the lease have provided for the erection of a building upon such terms as are embodied in the lease in this case, it is to be regarded as a joint or mutual enterprise in which, within the meaning of the statute, construed with reasonable liberality, the lessors and the lessee are the owners to the extent of their respective interests in the land. The covenant requiring the erection of the building at the expense of the leseee is regarded as forming part of the consideration of the lease. The lessors, thus, were parties to the erection of the building, and the lessee was their agent, not for the purpose of creating any personal liability against them, but to cause the improvement to be placed upon the land. The lessors are presumed to have contemplated the possibility of a lien and subjected their interest in the land to the operation of the statute. This view does no violence to any provision of the statute, but secures to the material man, pursuant to principles of equity and fair dealing, the protection sought to be extended by the legislature in behalf of such persons who have added value to the property of another under and pursuant to contracts duly made and entered into to that end. The only burden imposed upon the lessors who are to receive the ultimate benefit of the improvement is that which, by reason of their own

contract, they ought and are presumed to have contemplated. The lessors presumably have their remedy against the lessee if it has failed on its part to fully perform its agreement. It·has been suggested that the provision contained in section 2868 of the statute, that "Whenever the work or material for which a lien is filed shall be furnished to any contractor for use as set forth in section 2863, the owner may retain from the amount payable to the contractor sufficient to cover the amount due or to become due to the person or persons who filed the lien," tends to show that the lien attaches only to the interest of the owner who personally made the contract for the erection of the improvement. We are unable to adopt that view. The provision quoted is an incidental one and ought not, as we think, to narrow the construction to be given section 2863. Under the ruling above announced this latter section may operate in full effect in all cases where it is properly applicable.

The questions reserved are, accordingly, answered in the affirmative.

*Castle & Withington* for plaintiff.

*E. C. Peters* and *R. J. O'Brien* for defendants.

### DISSENTING OPINION OF WATSON, J.

I am unable to agree with the majority in their holding that the plaintiff in this case is entitled to a lien upon the interest of the lessors in the land upon which the building was erected. As I read the foregoing opinion the majority arrive at the conclusion that the lessors' interest is subject to the lien on the theory that the tenant, by reason of the covenant in the lease requiring him to erect a building on the leased premises, thereby became the agent of the owners "to cause the improvement to be placed upon the land." If this proposition could be conceded then I should be inclined to agree with the views announced by the majority. But to my mind the better reasoned authorities do not in the absence of a statute support this theory of agency. In *Lucas* v. *Hustace,* 20 Haw. 693, 695, this court said: "Some

statutes granting liens * * * have perhaps been supported upon this theory of agency and consent of the owner. That, however, is not the theory prevailing in Hawaii." And in discussing the doctrine of certain Pennsylvania cases the court, on page 697, said: "These proceed upon the theory of agency and consent, above referred to, have been disapproved by the supreme court of the United States and are in conflict with the view already taken by this court * * * as to the method of the creation of the lien and the theory upon which the law is to be upheld." In this Territory there is no such statutory agency as existed in Oregon when in the case of *Lumber Co.* v. *Nolan,* reported in 143 Pac. 935, the supreme court of that State held that "if the owner of the fee contracts with his tenant * * * compelling the latter to erect a building an agency is created as against the owner of the fee *by force of the statute,* with the result that one who furnishes material or labor at the instance of the agent is entitled to a lien on the fee for the labor or materials furnished." The cases of *Albaugh* v. *Litho-Marble Decorating Co., Lumber Co.* v. *Morris,* and *Cornell* v. *Barney,* hereinafter cited, were referred to in the *Nolan* decision and distinguished on the ground that in those cases the matter of statutory agency was not involved, nor is it in the case at bar. In the case of *Albaugh* v. *Litho-Marble Decorating Co.,* 14 App. Cas. D. C. 113, the syllabus states the views of the court on that subject as follows: "A covenant in a lease for the erection by the lessee of a building on the leased premises, to become the property of the lessor at the end of the term, without charge to the lessor, her heirs or assigns, does not create the relation of principal and agent between the lessor and lessee, so as to bind the lessor and her property for the contracts of the lessee made in the performance of the covenant, and under such circumstances a bill in equity to enforce a mechanic's lien against the leased property for work and labor done for the lessee in the erection of the building is maintainable only against the leasehold interest." On page 120 the court says: "This covenant (to improve) involves no theory

of agency but quite the reverse. The parties to the lease dealt with each other, not as principal and agent, but practically as adverse parties." In *Morrow* v. *Merritt,* 16 Utah 412, the court, in treating the question of the supposed agency of a lessee under facts which bring the case on all-fours with the one at bar, says at page 414: "It does not appear that Calder (the lessor) authorized Merritt (the lessee) to make the improvements at his expense or to furnish the materials or to perform the labor for him. The relation of principal and agent did not exist between them." See also *Lumber Co.* v. *Morris,* 170 Mo. App. 212, 221; *Block* v. *Murray,* 12 Mont. 545; *Cornell* v. *Barney,* 94 N. Y. 394; *Francis* v. *Sayles,* 101 Mass. 435; 2 Jones on Liens, Sec. 1280 and cases cited n. 3; Boisot on Mechanics' Liens, Sec. 291 and cases cited n. 144.

In my opinion the reserved questions, which involve only the point whether a lessee who is bound by the terms of the lease to make specified improvements on the leased premises may be considered the agent of the lessor so as to subject the reversion of the lessor to mechanic's liens therefor, should be answered in the negative.