MEDIA FIVE LIMITED, Lienor-Appellant, *v.* WILLIAM YAKIMETZ, WILLIAM BASILIADAS, CAESAR'S STEAK AND PIZZA HOUSE, INC., a Hawaii corporation, Owners-Appellees, and DISCOVERY FOODS SERVICES, INC., Owner, and WAIKIKI SHOPPING PLAZA LIMITED PARTNERSHIP, a Hawaii limited partnership, Fee Owner and Lessee-Appellee, and FONG INN ESTATE, LIMITED, a Hawaii corporation, Fee Owner and Lessor, and REHM AND DARCEY BUILDERS, a Hawaii general partnership, General Contractor, and HONOLULU FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federal savings and loan association, Mortgagee of Fee Owner, Mortgagee of Lessee of Fee Owner, Respondents

NO. 7207 (M. L. NO. 3460)

AND

REHM AND DARCEY BUILDERS, a Hawaii general partnership, Lienor-Appellant, *v.* WILLIAM YAKIMETZ, WILLIAM BASILIADAS, CAESAR'S STEAK AND PIZZA, LIMITED, dba CAESAR'S STEAK AND PIZZA HOUSE, INC., a Hawaii corporation, and DISCOVERY FOODS SERVICES, INC., Owners, WAIKIKI SHOPPING PLAZA LIMITED PARTNERSHIP, a Hawaii limited partnership (as to "First" and "Third"), and FONG INN ESTATE, LIMITED, a Hawaii corporation (as to "Second"), Fee Owners-Appellants, WAIKIKI SHOPPING PLAZA LIMITED PARTNERSHIP, a Hawaii limited partnership (as to "Second"), Lessee of Fee Owners and Appellant, HONOLULU FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federal Savings and Loan Association, Mortgagee of Fee Owner, (as to "First" and "Third"), Mortgagee of Lessee of Fee Owner (as to "Second"), Respondents

NO. 7227 (M. L. NO. 3457)

AUGUST 7, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY PADGETT, J.

These two cases were consolidated for argument since they involve common questions of law and fact. The question presented is whether the court below should have allowed the attachment of the mechanic's and materialman's liens claimed by appellants to the interests of Appellees Waikiki Shopping Plaza Limited Partnership (Plaza) and Fong Inn Estate, Limited (Fong Inn) in the real property on which Plaza was built. We hold that the liens should have been allowed to attach to the interests of Plaza but not Fong Inn.

Appellee Plaza is the fee simple owner of two parcels of land in Waikiki and the lessee of an adjoining parcel from Appellee Fong Inn. The lease from Fong Inn to Plaza contained no covenant requiring improvement of the premises. Rental after the initial fixed period was to be based on seven per cent of the fee land value of the premises as if vacant. The lessee was permitted to construct improvements and a guaranty of the lease was executed by William Koon Hee Mau and Jean Rachael Mau to be effective until the lessee constructed buildings having a cost of not less than $10,000,000. With respect to the matter of subletting, the lease contained an anomalous provision that no consent is required for a sublease of storeroom or office space for a term *not to exceed 15 years* but that with respect to subleases for *terms of 15 years* or more, consent will be deemed to have been given unless there is a written objection within a period of ten days after notice.

Plaza constructed its building and leased what can be termed as loft space therein to Yakimetz and Basiliadas under a sublease for exactly 15 years. Under the sublease, the use of the premises was limited to an Italian restaurant with the rental fixed at $5,041 per month, net, for the first five years or eight per cent of the gross receipts, whichever was larger. The sublease provided in Lessee's Covenant 8d:

> The Lessee will construct, make, install and provide, at no cost to the Lessor, all improvements, additions and fixtures as may be necessary to prepare the premises for the use and occupancy of the Lessee, including without limitation, all interior partitions, floor coverings and base, suspended ceilings, convenience outlets and lighting fixtures, the painting of walls and ceilings, air handling systems and air conditioning ductwork, supply and exhaust grilles, plumbing roughing-in and fixtures if required, fuel gas roughing-in if required, all equipment, furniture, drapes, or venetian blinds, carpeting and other fixtures as may be required by the Lessee. The Lessee will construct, make, install and provide such improvements, additions and fixtures strictly in accordance with plans and specifications first approved in writing by the Lessor or the Lessor's designated agent. The Lessee shall commence preparation of such plans and specifications as soon as reasonably possible after execution of this Lease and shall cause them to be diligently prosecuted to completion. . . .

The lease also provides in Lessee's Covenant 8f:

> Nothing in this Lease contained shall be deemed or construed in any way as constituting a requirement that the Lessee construct any improvements, except as otherwise specifically provided hereunder, . . .

Mutual Covenant j provides:

> That Lessee shall open for business not later than the date set forth in Appendix "B" of this Lease, or such later date as Lessor shall approve in writing, and shall thereafter keep the demised premises open for business during all such business hours as are set forth in said Appendix "B" or as are otherwise established by the Lessor. . . .

Appendix "B" provides for operation from 11:00 a.m. to 11:00 p.m., seven days a week and refers to Appendix "C" for the date of

opening which apparently is fixed at October 1, 1977 by that appendix.

Appellant Media Five Limited, supplied architectural services and Appellant Rehm and Darcey Builders furnished labor, material and equipment to the sublessees in connection with their improvements under the sublease above-mentioned. The appellants timely sought to attach a mechanic's and materialman's lien to the sublessee's interests, to the interests of Waikiki Shopping Plaza Limited Partnership and to the interest of Fong Inn Estate, Limited in the premises. The parties stipulated to the attachment of the lien to the sublessee's interests and the court ruled that no lien should attach with respect to the interests of Plaza and Fong Inn.

Section 507-42, Hawaii Revised Statutes (1976) (HRS), provides as follows:

Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable value of all labor and materials covered by their contract, express or implied.

Where the terms of a lease, contract of sale, or instrument creating a life tenancy require the improvement of the real property, the interest of the lessor, vendor, or remainderman in the improvement and the land upon which the same is situated shall likewise be subject to the lien, and any provision for forfeiture or other penalty against the lessee, vendee, or life tenant in case of the filing of a mechanic's or materialman's lien or actions to enforce the same, shall not affect the rights of lienors.

Section 507-41, HRS (1976), provides in part as follows:

"Improvement" includes the construction, repair, alteration of or addition to any building, structure, road, utility, railroad, or other undertaking or appurtenances thereto, and includes any building, construction, erection, demolition, excavation, grading, paving, filling in, landscaping, seeding, sodding, and plant-

ing, or any part thereof existing, built, erected, placed, made, or done on real property, or removed therefrom, for its benefit.

By the express language of the statute, as well as under Hawaiian case authority, *Lewers & Cooke v. Wong Wong,* 22 Haw. 765 (1915); *Amii v. Adams,* 40 Haw. 325 (1953), where a lease requires the construction of improvements by the lessee, the lessor's interest in the property is subject to a lien. The Supreme Court has frequently noted, as it did in *Lewers & Cooke v. Wong Wong, supra,* that the remedial provisions of the mechanic's and materialman's lien statute are to be liberally construed to effectuate the purposes thereof.

Here, the lease from Plaza to Yakimetz, et al., prescribed the business to be carried on, when it should commence, the hours of operation and a percentage rental based on gross operating income. In those circumstances, it is impossible to read the plain language of the lease of loft space any other way but as requiring the lessee to provide the necessary improvements to permit the business to be operated. Clearly, therefore, the court below was in error in not allowing the lien to attach to the interest of Plaza, both as lessee of the Fong Inn Estate and as fee owner of the other two parcels.

Plaza argues that because the sublease did not specify what the improvements were to be or fix a dollar amount to be expended, no lien can attach to its interests. We read the statute and *Amii v. Adams, supra,* to the contrary.

Plaza also relies on certain exculpatory language in the sublease as prohibiting the attachment of a lien. The purpose of the statute is to give mechanics and materialmen lien rights. The language relied on, insofar as it purports to negate those rights, is contrary to public policy and without effect. We have considered Plaza's other arguments and find them without merit.

On the other hand, the Fong Inn lease is carefully drawn so as not to require any improvement by Plaza, the lessee. Fong Inn Estate is therefore not an owner within the meaning of that term as defined in § 507-41 since it did not enter into any contract for the improvement of its real estate. Accordingly, the court below correctly denied the attachment of any lien to the Fong Inn fee premises.

Affirmed in part and reversed in part for further proceedings consistent herewith.

*James H. Lawhn (Stubenberg, Roney, Hartnett, Lawhn, Fong & Kuwasaki* of counsel) for appellant Media Five Limited.

*Jack Schweigert (Peter Kent* on the briefs) for appellant Rehm and Darcey Builders.

*Marvin S. C. Dang (Susan Tamura Sato* on the briefs, *Davis & Playdon* of counsel) for owners-appellees.

*Clinton Ching (Vernon F. L. Char* and *George T. Okamura* on the briefs, *Damon, Key, Char & Bocken* of counsel) for appellees fee owner, lessee and fee owners and lessor and fee owner.