CITY MILL COMPANY, LIMITED, A CORPORATION, *v.* T. HORITA, I. USUI, WALTER H. BRADLEY AND WALTER BEAKBANE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 27, 1913.                    DECIDED JUNE 4, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MECHANIC'S LIENS—*notice of claim—description of property—requisites*.
    Under R. L., §2174, the description of the property against which a lien is sought must be such as to enable not only the

owner but also prospective purchasers and creditors to identify the property.

IB.—*misdescription of property—lien on part of structure.*

In a notice of a material-man's lien the property was described as the building erected under a certain contract with the owner and "Lot 8, Block 103, Palolo Tract." The facts were that the building stood mainly on lot 10 and to a slight extent only on lot 8. Held, that, while courts are liberal in the construction of descriptions in notices of liens, the description in this case was precise and unambiguous and did not include lot 10 and that no lien attached to lot 10 because not included in the description or to lot 8 because the building stood substantially on lot 10 or to the building separately or any part thereof because not within the contemplation of the statute.

OPINION OF THE COURT BY PERRY, J.

This is an action to enforce a lien for $457.58 for materials used in the construction of a dwelling house erected by defendants Usui and Horita in pursuance of a contract with defendant Bradley, owner of the land upon which the building was to be erected. Defendant Beakbane is alleged to have entered into a contract with Bradley while the building was under construction for the purchase of the building and the land whereon it stood. The circuit court rendered judgment against the contractors for the amount claimed and in favor of Bradley and Beakbane in relation to the lien. The only question presented upon plaintiff's exceptions is as to the sufficiency of the description of the property, against which the lien is claimed, in the notice of lien filed as required by law in the office of the clerk of the circuit court of the circuit in which the property is situated.

In the opening paragraph of the document so filed the plaintiff gives notice that he claims a lien "upon that certain piece or parcel of land situate at Palolo Valley, Honolulu aforesaid, known as Lot 8, Block 103, Palolo Tract, on a map or diagram of said tract filed in the office of the Registrar of Conveyances at Honolulu in Liber 252 on pages 327-330, together with the

buildings, improvements and appurtenances thereon, for the sum of $457.58 for materials furnished by the claimant above named at the special instance and request of I. Usui, sub-contractor above named, said materials to be used in the construction of a certain one-story building built and constructed upon said premises." Then follows a statement of the substance of the contract between the contractors and Bradley and the allegation that the contractors purchased from plaintiff certain materials which were subsequently used in the construction of the building mentioned and that the building was completed September 29, 1911; that on September 17, 1911, defendant Bradley "entered into a certain written agreement of sale with one Walter Beakbane, one of the owners above named, wherein and whereby said Walter H. Bradley did agree to convey to the said Walter Beakbane the premises hereinbefore mentioned and described, together with the building thereon constructed with the materials furnished by the claimant herein as aforesaid, for and upon the full payment by the said Walter Beakbane of a certain consideration to claimant unknown, and the said Walter Beakbane has not fully paid to the said Walter H. Bradley the full consideration or purchase price in said agreement named, nor has the said Walter H. Bradley, conveyed the same premises to the said Walter Beakbane." The concluding paragraph of the notice is as follows: "Wherefore, by reason of the premises and under and by virtue of the laws of the Territory of Hawaii, the claimant herein claims a lien for the sum of $457.58 upon the building or structure aforesaid, and also upon said Lot 8, Block 103, Palolo Tract, Honolulu aforesaid, and all the right, title and interest, reversion, claim and or demand of the said Walter H. Bradley and Walter Beakbane, owners aforesaid, therein." This notice was filed on November 3, 1911. An amended description contained in plaintiff's amended declaration filed October 30, 1912, is not here considered, in view of the statutory provision that "the lien shall continue for forty-five days, and no longer, after the completion of the construc-

tion or repair of the building, structure, railroad or other under-
taking against which it shall have been filed, unless the same
shall have been satisfied, or proceedings commenced to collect
the amount due thereon by enforcing the same." R. L., §2174,
as amended by Act 97, L. 1909. Defects in the notice cannot
be cured by amendments made after the expiration of the period
named in the statute.

Undisputed evidence adduced at the trial disclosed the follow-
ing facts; that prior to the execution of the contract for the
erection of the building Bradley, being the owner of the two
adjoining lots numbered respectively 8 and 10 in Palolo tract,
Honolulu, and each lot having a frontage of 75 feet on the street
and a depth of 200 feet, sold to one Fieldgrove an L-shaped
piece of land including the portion of lot 8, with a frontage of
50 feet, not adjoining lot 10 and the rear portion of lot 10 and
of the remainder of lot 8,—thus reserving to himself the front
portion of lot 10 and of the adjoining 25 foot strip of lot 8, a
total frontage of 100 feet. Around the portion so reserved by
Bradley a fence was erected and it was upon this reserved por-
tion that the building contracted for was constructed. The
structure was 36 feet square and stood in part upon lot 10 and
in part upon lot 8, the part upon lot 8 being about 9 feet in
width. Upon Fieldgrove's portion of lot 8 stood at the date of
the filing of the notice another one-story frame building.

The modern tendency is undoubtedly towards a liberal en-
forcement of laws giving mechanics and material-men a lien
upon property made valuable by their labor and material and
therefore towards a liberal construction of descriptions, in the
notices of lien, of the property against which the lien is sought.
Technical accuracy of description is not required. Looseness of
description is condoned, often on the theory that the statutes
contemplate that the claimants will prepare their own papers.
It has been said that "if there appear enough in the description
to enable a party familiar with the locality to identify the prem-
ises intended to be described with reasonable certainty to the

exclusion of others, it will be sufficient" (Phillips, Mech. Liens, §379); that "only such mistakes as are calculated to mislead subsequent purchasers or creditors should destroy the claim" (Ib., §383); that "if by rejecting what is a false description enough remains to identify the property attempted to be described the description is sufficient under the statute" (*McHugh v. Slack*, 11 Wash. 370); and that "the essential thing is that it be described so that it can be identified" (*Pavement Co. v. Norwegian Seminary*, 43 Minn. 452). In the application of these principles, however, the courts appear not to be always in accord. Each case is to be determined in view of its own facts; but much likewise depends upon the particular provisions of the statute in the jurisdiction in which the case arises. Statutes differ greatly in different jurisdictions. As a general rule they do not require that the notice should describe the land. 27 Cyc. 122. In Missouri, for example, it is sufficient if the notice identifies the building or other improvement. Ib., n. 55; and *Sawyer v. Clark*, 172 Mo. 588, 595. Some statutes permit a lien upon the building alone, as well as upon the land and building. See, for example, *Kezartee v. Marks*, 15 Oregon 529, 536, and *Hannah & Lay Co. v. Mosser*, 105 Mich. 18, 31. Obviously in those cases in which the lien may attach to the building alone and in which misdescription, therefore, of the land is immaterial provided there is a sufficient description of the improvement, the test of the sufficiency of the description may differ very greatly from that which would be applicable if the lien could be enforced only against the land and the building jointly. Because of these distinctions and the differences in the facts adjudicated cases cannot be of much assistance in the determination of the case at bar.

Under our statute (R. L. §2173) a lien cannot exist or be enforced against any of the structures there named separately from the interest of its owner in the land upon which it is situated (*Emmeluth v. Au In Kwai*, 20 Haw. 180) and the notice must contain a description of the property "sufficient to iden-

tify the same" (R. L., §2174, as amended by Act 97, L. 1909). The question in the case at bar is, therefore, as to the sufficiency of the description of the land and the building and not of the building alone. In view of the provision that the notice shall be filed in the office of the clerk of the circuit court, it was evidently the intent of the legislature that the description should be such as to enable not only the owner but also prospective purchasers and creditors to identify the property.

The description contained in the notice filed by plaintiff is upon its face unambiguous. It relates to lot 8 exclusively. The building erected by the contractors is clearly stated to be situated on the "said premises" and on the "premises hereinbefore mentioned," meaning lot 8 and none other; and there was a building on lot 8 of the same general nature as that described. Any intending purchaser searching for notices of liens on lot 10 would find no warning in this document of a claim against lot 10, or against any building on that lot. The claim is clear and precise that the land sought to be charged is "Lot 8, Block 103, Palolo Tract" as shown on a map filed in "Liber 252 on pages 327-330" in the office of the registrar of conveyances. The reference to the unrecorded agreement of sale and purchase, between Bradley and Beakbane, of "the premises hereinbefore mentioned and described" and of "the building thereon constructed" by the contractors, is insufficient to show that a lien was claimed against lot 10 on which the building was so constructed, particularly in view of the fact that the claimant in the concluding paragraph summarizes his claim as being against "the building or structure aforesaid and * * * said Lot 8, Block 103, Palolo Tract." The enclosed lot upon which the house was built is not mentioned in the instrument. Neither in the last paragraph nor elsewhere in the notice is a lien claimed, following the provision of the statute, in the land on which the building is situate. Had there been a general claim to that effect, perhaps the notice could have been construed to include a claim against lot 10. The claimant having clearly designated

lot 8 as the land against which he sought a lien, his claim cannot be extended by construction to include lot 10.

A lien does not exist in plaintiff's favor against lot 8 because the building is substantially upon lot 10 and only to a slight extent upon lot 8. The statute grants a lien only against the land "upon which the same" (the structure) "is situated." So, too, the lien is given only "upon such building" as a whole. The statute does not contemplate a lien upon a part of the building or the severance, upon execution, of a part from the remainder.

The exceptions are overruled.

*F. Schnack* for plaintiff.

*J. W. Russell* (*Thompson, Wilder, Watson & Lymer* on the brief) for defendants.

