ANDREW FAY, Appellant, v. JOHN FITZPATRICK.

**Sales:** FAILURE TO DELIVER: RECOVERY OF PRICE PAID: DEMAND.
1  Where the vendor of personal property has put it out of his power to deliver the same, no demand by the vendee for a return of the purchase price before bringing suit therefor is necessary.

**Same.** Where personal property is to be delivered upon payment
2  of the price, service of notice of suit to recover the price paid, upon failure to deliver, is sufficient demand.

**Same.** Where a sale of personal property was made by an agent,
3  evidence that a demand for a return of the price paid, upon failure to deliver the property, was made on the agent was competent in an action to recover the price.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH,
Judge.

WEDNESDAY, DECEMBER 13, 1905.

REHEARING DENIED MARCH 20, 1906.

SUIT at law to recover money paid to the defendant for
personal property which was never delivered to the plaintiff.
Trial and judgment for the defendant. The plaintiff ap-
peals.— *Reversed.*

*Howard & Howard,* for appellant.

No appearance for appellee.

SHERWIN, C. J.— The plaintiff purchased of the de-
fendant certain hay, then represented by the defendant to be
in his possession in a certain stack and ready for delivery.
The plaintiff executed his note for the price thereof and de-
livered the same to the defendant, who negotiated it in due
course, and it has since been paid. As a matter of fact, the
defendant had sold all of the hay in the stack in question be-
fore the pretended sale of a portion thereof to the plaintiff,
and he was therefore unable to deliver the hay for which
the plaintiff had paid, and did not deliver any part of it.
The petition is in two counts, each one alleging substantially
the facts which we have given. For some reason not ap-
parent from the record, the trial court held that no dam-
ages were shown to have accrued on the first count, and tried
the case on the second count alone. It does not occur to
us that it is a very material matter, because of the simi-
larity of the two counts; but we think evidence should have
been received on the issues presented by both counts.

A great many errors are assigned and argued, but the
one of controlling importance relates to the question of de-
mand before suit, the trial court holding and instructing that

it was necessary.   We think the court was mistaken as to the law governing the case, for several reasons.   In the first place, the evidence conclusively shows that the defendant had put it out of his power to deliver the hay sold to the plaintiff, and hence a demand therefor would have been of no avail.   That the law does not require useless acts is well settled, and when it is shown that a demand would be entirely useless it will not be required.   *Ruiter v. Plate,* 77 Iowa, 17; *Smith v. McLean,* 24 Iowa, 325; *Leek v. Chesley,* 98 Iowa, 593; 9 Am. & Eng. Enc. Law, 210; *Laybourn v. Seymour,* 53 Minn. 105 (54 N. W. 941, 39 Am. St. Rep. 579); 1 Cyc. 698, and cases cited.

Furthermore, the hay in question was to be delivered at once, and upon failure to make such delivery after payment therefor notice of suit was a sufficient demand.   *Crabtree v. Messersmith,* 19 Iowa, 179; 1 Cyc. 694.

There was also evidence tending to show that one Corey was the agent of the defendant for the sale and delivery of the hay, and we are of the opinion that it was error to exclude the plaintiffs' evidence of a demand through him.

The judgment is *reversed.*