Syllabus.

# WONG WONG v. HONOLULU SKATING RINK, LIMITED, A CORPORATION, MORRIS ROSENBLEDT AND FRED HARRISON.

## No. 1041.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.
### HON. C. W. ASHFORD, JUDGE.

ARGUED MARCH 19, 1918.                    DECIDED MARCH 26, 1918.

### COKE, C.J., QUARLES AND KEMP, JJ.

MECHANICS' LIENS—*sufficiency of notice.*

A notice of lien for labor and material used in constructing a building, filed with the contractor, sufficiently describes the material and labor when a lump sum agreed to be paid the contractor by the contracting owner is stated although no itemized statement of the labor and material is embodied in the notice or in a bill of particulars attached to the notice, the notice otherwise sufficiently stating other matters necessary to a clear understanding of the nature and amount of the lien claimed.

SAME—*building required by lease—agency.*

Where a lease requires the construction of a certain building by the lessee upon demised premises, which building becomes the property of the lessor, its construction is a mutual or joint enterprise, the lease and contract for constructing the building are correlated and the lessee is the agent of the lessor for the purpose of constructing the building to the extent of charging the property with a mechanic's lien for labor and material furnished and used in the construction of such building.

SAME—*same—same—demands.*

Where the owner of demised property requires his lessee to construct a certain building thereon the lessee is the agent of the owner and after filing notice of a mechanic's lien for labor and material used in the building demand is made upon such agent but not upon the owner such demand is sufficient.

OPINION OF THE COURT BY QUARLES, J.

Plaintiff in error, Wong Wong, hereinafter called the plaintiff, commenced this action against the defendants in error, the Honolulu Skating Rink, Limited, a corporation, hereinafter called the corporation defendant, and Morris Rosenbledt and Fred Harrison, hereinafter called the defendants, to obtain a personal judgment against said corporation defendant for moneys claimed to be due for labor and material furnished and used in the erection of a certain building in Honolulu upon certain described premises, and a lien against said building and premises for the amount claimed. At the trial below the plaintiff offered in evidence a notice of lien with bill of particulars thereto attached, which the trial court refused to admit in evidence against the defendants Rosenbledt and Harrison but admitted in evidence against the corporation defendant. As the cause seems to have been decided principally upon the ruling of the trial court that the notice of lien was insufficient, and, owing to certain omissions, void, and that no lien attached to the premises, we here give the said notice of lien held by the trial court to be insufficient, omitting the description of the premises, to wit:

"*Notice is hereby given* to all whom it may concern:

"That Wong Wong, of the City and County of Honolulu, Territory of Hawaii, claims a lien under Chapter 140, Sections 2173–2178, of the Revised Laws of Hawaii, 1905, as amended by Act 97 of the Session Laws of 1909, for the price agreed to be paid for labor and material furnished to be used and used in the construction of a certain building and structures situated upon the premises hereinafter described (which price does not exceed the value and is the value of said labor and material), upon such building and structures, as well as upon the interest of

the Owners of said building and structures in the land upon which the same is situated:

"That the amount of the claim for labor and material so furnished is the sum of Seven Thousand Thirteen and 60/100 Dollars ($7,013.60), being the balance due for the price agreed to be paid for such labor and material so furnished to the Honolulu Skating Rink, Limited, for said building and structures and used in the construction of the same, all of which is shown by the itemized account hereto annexed, marked 'Exhibit A,' and made a part hereof; that no part of said amount has been paid, excepting the sum of Two Thousand Four Hundred Seventy Dollars ($2,470), and that the balance, namely, the sum of Four Thousand Five Hundred Forty-three and 60/100 Dollars ($4,543.60) is due, owing and unpaid to said Wong Wong, and for this amount he claims a lien; said labor and building material including all the work in the erecting and completing of a one-story building to be used as a skating rink on the hereafter described premises and incident thereto and all scaffolding, implements and cartage necessary for the performance of said work, and also for the labor and building material, including lumber and hardware, for the extra work set out in said 'Exhibit A' and described therein.

"That the property upon which said building and structures have been constructed is described as follows: * * *

"That the names of the Owners of said land, building and structures are said Morris Rosenbledt and Fred Harrison;

"That the said Honolulu Skating Rink, Limited, a Hawaiian corporation, is the lessee of said premises under a lease for five (5) years dated the 21st day of September, 1914, and recorded in the Registry Office in Book 403 page 376, and in said leasehold contracted with said Owners to cause said building and structures to be erected, and, when erected, to become a part of the premises and owned by said Owners, and this lien is claimed against the interest in said land and buildings of said Morris Rosenbledt, Fred Harrison and the Honolulu Skating

Rink, Limited, to secure said sum of Four Thousand Five Hundred Forty-three and 60/100 Dollars ($4,543.60) ;

"That the said Honolulu Skating Rink, Limited, contracted for said material and labor and for the construction of said building and structures by said Wong Wong, and at their instance and request the said labor and material was furnished by said Wong Wong, for which the aforesaid lien is claimed; that said material and labor were furnished between the 21st day of September and the 2nd day of November, 1914, in the construction of said building and structures, and the same were completed on the 2nd day of November, 1914.

"Dated, Honolulu, December 11, 1914."

This notice of lien was verified by the plaintiff, filed in the office of the circuit court of the first circuit, and copy thereof served upon all of the defendants. The plaintiff identified and offered in evidence a building contract for the erection of said building at the stated cost price of $6463.60, signed by plaintiff and the defendant corporation; specifications for the same; evidence that certain additions agreed to by the plaintiff, the defendant corporation and the supervising architect were made, and the certificates of the architect showing the completion and acceptance of the building under the contract and the completion of the additions or alterations thereto and the value of the same aggregating the total sum of $7013.60, all of which the trial court refused to admit against the defendants Rosenbledt and Harrison but admitted as against the defendant corporation. At the close of the hearing the defendants Rosenbledt and Harrison moved for judgment of nonsuit mainly on the ground that the notice of lien did not contain a description of the labor and material used in the construction of the building and did not state the amount for which the lien is claimed and therefore was not and is not such notice of lien as is required by the statute. The motion for nonsuit was

granted as against the defendants Rosenbledt and Harrison.    The errors assigned challenge the correctness of these rulings.

We will first consider the sufficiency of the notice of lien.    It is better practice to state in the notice of lien the particular description of the labor and material used in the construction of the building upon which the lien was claimed but our statute does not require a bill of particulars to be filed with the notice of lien. Section 2863 R. L. provides that "Any person * * * furnishing labor or material to be used in the construction or repair of any building * * * shall have a lien for the price agreed to be paid for such labor and material * * * upon such building * * * as well as upon the interest of the owner of such building * * * in the land upon which the same is situated."    Section 2864 R. L., among other things, provides that the "notice shall set forth the amount of the claim, the labor or material furnished, a description of the property sufficient to identify the same, and any other matter necessary to a clear understanding of the same."    Tested by these provisions did the notice of lien answer the objects and purposes of the statute?    The amount of the lien claimed for labor and material is stated to be $7013.60, the price agreed to be paid for such labor and material, upon which payments to the extent of $2470 have been made, leaving a balance of $4543.60, and the exhibit attached to the notice of lien shows the contract price for the building to be $6463.60, and additional labor and material not covered by the contract price, but authorized by the contract, to the extent of $550.    The bill of particulars is as follows:

"Honolulu, T. H., Dec. 5th, 1914.

"Honolulu Skating Rink, Limited,

"To Wong Wong  Dr.

"Dealer in

"Hardware, Painting Material, Windows & Doors.

"Maunakea St.

| | |
|---|---:|
| Contract price for building | 6463.60 |
| Extra Seats | 100.00 |
| Surfacing Vestibule | 20.00 |
| Increasing height of bldg. 4' | 300.00 |
| Stair | 15.00 |
| Extra Leader | 5.00 |
| Extra Door | 8.00 |
| Extra 3-piece Steps | 9.00 |
| Lifting Seats | 20.00 |
| Extra Sleeper under Floor | 20.00 |
| Carbolinium | 9.00 |
| Labor laying carbolinium | 6.00 |
| Carpenter labor (putting shoes on joists) | 30.00 |
| Ticket Platform | 8.00 |
| | **$7013.60** |
| Less Cash on a/c from Nov 9th to Dec 8th, 1914 inclusive paid to Lewers & Cooke, Ltd. | 2470.00 |
| | **$4543.60"** |

The notice of the lien with the exhibit attached as a part thereof shows that the building had been erected at the contract price of $6463.60, the price to be paid for labor and material by the contract owner, and items by way of extras, additions or alterations to the building to the extent in value of $550. The notice states that the claim includes "all the work in the erecting and completing of a one-story building to be used as a skating rink on the hereafter described premises and incident thereto and all scaffolding, implements and cartage necessary for

the performance of said work, and also for the labor and building material, including lumber and hardware, for the extra work set out in said 'Exhibit A' and described therein." It states facts showing the relations existing between the defendant corporation and the other defendants and refers to the lease between the parties. What more is necessary for a clear understanding of the nature and extent of the lien claimed? To hold that this notice is not sufficient we would necessarily have to hold that under our statute an itemized statement of every article of material used and the hours and days of labor performed by various laborers working on the building must be set forth in the notice of lien or attached thereto in a bill of particulars. We think that this notice was sufficient to give the corporation defendant a full understanding of the amount, nature and basis of the claim of lien by the plaintiff. Did it give the defendants Rosenbledt and Harrison such notice? The corporation defendant held the premises under lease from the defendants Rosenbledt and Harrison and in the lease and as a part consideration therefor the lessors required the lessee to erect the building that was erected, providing in the lease that the cost thereof should not be less than $6000. On behalf of the defendants Rosenbledt and Harrison it is contended that because the building contract bears date September 20, 1914, and the lease bears date September 21, 1914, and the term of the demise stated in the lease did not commence to run until November 1, 1914, that the defendant corporation had no interest in the premises whatever, was a stranger to the ownership, and that defendants Rosenbledt and Harrison could not be held or their property subjected to a lien for labor and material entering into the construction of a building erected without their consent or authority, direct or indirect. This contention was also made in the case of a claim upon this

same building for materials furnished the plaintiff as contractor by a material-man, wherein all the parties to this action were defendants, and we there refused to sustain the contention, but held (see *Lewers & Cooke* v. *Wong Wong,* 22 Haw. 765) that the erection of the building being required by the terms and conditions of the lease a contractual relation existed sufficient to answer the requirements of our statute; that the erection of the building under the terms of the lease is to be regarded as a "joint or mutual enterprise;" that the lessors "were parties to the erection of the building, and the lessee was their agent, not for the purpose of creating any personal liability against them, but to cause the improvement to be placed upon the land." We regard the ruling in the *Lewers & Cooke* case as correct and as all of the parties to this action were parties to that action the decision there binds them here. The long and able argument made by counsel for defendants Rosenbledt and Harrison, based upon the fact that as the building contract bears a date one day prior to the date of the lease that Rosenbledt and Harrison cannot be bound, is without merit and we regard it as technical. We view the transactions as correlated and the lease as the express consent of the lessors to the erection of the building which was to become their property, for which they were to receive rent, and for which, upon a termination of the lease, whether by efflux of time or breach of condition or otherwise, the building would pass with the land into the possession of the lessors. Under the terms of the lease the building, when erected, was not the property of the lessee but of the lessors. The incident or accident that the contract bears date the 20th and the lease the 21st of the same month does not affect the rights of the parties at all. The contract under which the building was erected was

authorized by the lessors; they consented to the erection of the building and the contract therefor was a necessary incident and it would be a travesty on justice, law and right to permit their property to escape liability under the circumstances. Having required the construction of the building, fixing the minimum cost thereof at $6000, and having entered into a lease by the terms of which they would come into possession of the building upon breach of conditions of the lease or its termination, they are in no position to claim that the building was erected without their consent or authority. Under the circumstances, the lease and building contract being correlated, the notice of a lien, as we hold, being sufficient as to the corporation defendant, the lessee, is sufficient as to the lessors, defendants Rosenbledt and Harrison. We agree with the reasoning in the case of *Baldwin* v. *Spear Bros.*, 64 Atl. (Vt.), 235, wherein the court said: "The object of the statute creating mechanics' liens is security. The lien is purely statutory, and, if established, effects a preference. The person asserting it, therefore, should be held to a reasonably strict compliance with the statutory requirements. *Piper v. Hoyt*, 61 Vt. 539, 17 Atl. 798. But the statute is a useful one and should not be so strictly construed as to defeat its purpose, or to render it impossible in the ordinary course of business for one entitled to secure its benefits. A substantial compliance with its terms is all that is required, and nicety of form is not essential. 2 Jones, Liens, § 1391. The object of the memorandum required to be filed in the clerk's office is to give notice to the owner and persons dealing with the property that it stands charged with the payment of the bills for labor and material which went into it under such a contract as entitled the claimant to his lien. * * * It is not necessary to specify therein whether the contract was in writing

or not. That question is entirely immaterial under the statute. 2 Jones, Liens, § 1236. The terms of the contract need not be set forth since the statute does not so require. * * * Nor is it necessary that the memorandum in a case like this, at least, should specify what part of the claim was for materials and what part for labor. This would manifestly be impossible where as here the labor and materials were furnished at a lump sum. The charge for the extra work and materials furnished by the contractors during the performance of their agreement was properly included in the claim and constitutes a valid part of the lien." In *Allen & Robinson* v. *Redward*, 10 Haw. 151, the court at page 161 intimates very strongly that where a lien is claimed by the contractor for all of the labor and material furnished for a building under an entire contract a general description is sufficient. In *City Mill Co.* v. *Horita*, 21 Haw. 585, the court at page 588 said: "The modern tendency is undoubtedly towards a liberal enforcement of laws giving mechanics and material-men a lien upon property made valuable by their labor and material and therefore towards a liberal construction of descriptions, in the notices of lien, of the property against which the lien is sought. Technical accuracy of description is not required." This rule of construction applies also to descriptions of labor and material entering into the construction of a building. A notice of lien for labor and material used in a building, filed by the contractor, sufficiently describes the material and labor when a lump sum agreed to be paid the contractor by the contracting owner is stated although no itemized statement of the labor and material is embodied in the notice or in a bill of particulars attached to the notice, the notice otherwise sufficiently stating other matters necessary to a clear understanding of the nature and amount of the lien claimed. We hold that the general description in

the notice supplemented by the bill of particulars was and is sufficient.   The trial court erred in refusing to admit the notice of lien, the contract, specifications, and the architect's certificates in evidence against all of the defendants and in holding the notice of lien to be insufficient.

It is urged on the part of defendants Rosenbledt and Harrison that as no demand was made upon said defendants after the filing of the notice of lien and before the commencement of this action that their property cannot be bound for a lien claimed by plaintiff.   We have held that the statute requires demand on the owner after the notice of lien is filed and prior to commencing action for its enforcement (*Lewers & Cooke* v. *Fernandez,* 23 Haw. 744; *Lewers & Cooke* v. *Wong Wong,* 24 Haw. 39).   The evidence shows that demand was made by the plaintiff upon the corporation defendant but not upon the defendants Rosenbledt and Harrison after the notice of lien was filed and before this action was commenced.   The defendants having engaged in a joint and mutual enterprise, their interests being correlated, we think that they should be regarded in the light of joint obligors, not so far as personal liability is concerned, but so far as their interest in the property involved is affected by plaintiff's lien.   It has been held that one joint obligor is the agent for his co-obligors and may bind his co-obligors by a new promise on the joint obligation.   *Macaulay* v. *Schurmann,* 22 Haw. 140.   By analogy the same rule should apply here owing to the mutuality of the interest in the building upon which the lien is claimed by plaintiff.   But irrespective of that view the defendants Rosenbledt and Harrison are bound by the demand made upon the defendant corporation owing to the limited relation of principal and agency

which existed between them as herein shown. In *Lewers & Cooke* v. *Wong Wong*, 22 Haw. 765, we held that the corporation defendant here was the agent of the defendants Rosenbledt and Harrison for the erection of the building for which the lien is here claimed. The relation of principal and agent, limited as it was, presents the question whether demand upon the corporation defendant was sufficient demand upon the other defendants. We think that it was and so hold. *Scholey* v. *Halsey*, 72 N. Y. 578, 582; *Neff* v. *Elder*, 84 Ark. 277; *Fay* v. *Fitzpatrick*, 130 Ia. 279; *Colorado Iron Works* v. *Taylor*, 12 Col. App. 451. The agency need not be an express one but may be one implied from the actions of the parties or surrounding circumstances. Phillips on Mechanics' Liens, 2 ed., Sec. 65.

The judgment of nonsuit entered against the plaintiff as to the defendants Rosenbledt and Harrison is reversed and the cause is remanded to the circuit court for further proceedings consistent with the views herein expressed.

*A. L. Castle* (Castle & Withington on the brief) for plaintiff in error.

*E. C. Peters* for defendants Rosenbledt and Harrison.