WONG WONG *v.* HONOLULU SKATING RINK, LIMITED, A CORPORATION, MORRIS ROSENBLEDT AND FRED HARRISON.

No. 1187.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED FEBRUARY 17, 1920.                    DECIDED MARCH 1, 1920.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., DISQUALIFIED.

APPEAL AND ERROR—*law of the case.*

A question before this court and decided on an appeal cannot be reheard or examined upon a subsequent trial and appeal of the same case.

SAME—*same.*

An opinion of this court reversing a judgment of the circuit court and remanding the cause for further proceedings does not preclude the parties from raising questions on a subsequent trial and appeal not involved in the former appeal.

MECHANIC'S LIEN—*enforcement—defense.*

Any matter that would constitute a good defense to an action

of assumpsit on the account which is the basis of the lien is a good defense to a suit to foreclose the lien.

SAME—*same—same.*

If it appears that the account which is the basis of the lien was not due when the suit to foreclose the lien was begun there can be no recovery, and this defense may be set up by other defendants than the debtor.

## OPINION OF THE COURT BY KEMP, J.

This case was heretofore before this court upon writ of error to the circuit court sued out by the plaintiff, the circuit court having granted a nonsuit as to the defendants Rosenbledt and Harrison. The judgment of nonsuit was reversed and the cause remanded for further proceedings consistent with our opinion (24 Haw. 181). The case presented to this court upon the writ of error involved only the correctness of the ruling of the circuit judge granting the nonsuit. The circuit judge based his decision on two grounds, namely, that the notice of lien filed by the plaintiff was insufficient in substance and that the plaintiff had failed to show a demand upon defendants Rosenbledt and Harrison for the amount due between the time of filing the notice of lien and the institution of this suit. We held that the decision of the circuit judge was erroneous in both particulars. The plaintiff had shown a demand made upon the Honolulu Skating Rink, Limited, a codefendant of Rosenbledt and Harrison and we held that in view of the contractual relation existing between the skating rink company and the defendants Rosenbledt and Harrison that the demand upon the skating rink company constituted a demand upon Rosenbledt and Harrison.

In view of the fact that the plaintiff now contends that our former opinion has settled practically all of the law of the case and the defendants Rosenbledt and Harrison insist that our former opinion to the effect that

the demand on the skating rink company constituted a demand upon them is erroneous it becomes necessary for us to determine first whether we are authorized to inquire into the correctness of our former opinion, and if we are not then to determine which of the questions presented by the exceptions our former opinion settled.

In our opinion denying the plaintiff's motion to dismiss the exceptions now before us (*ante* p. 92) we pointed out that the case upon the first trial having been disposed of upon the motion of the defendants Rosenbledt and Harrison for a nonsuit the matters of defense had not been tried and we mentioned the fact that said defendants had given notice that they would rely upon the defenses of illegality, fraud, release and payment. The enumeration by us of these defenses upon which the defendants gave notice they would rely did not purport to be a complete statement of the contents of their answer and is not a complete statement as the answer contains a general denial under which said defendants were entitled to give in evidence as a defense any matter of law or fact (Sec. 2369 R. L. 1915). We held that as some of the exceptions related to alleged errors committed in rulings upon matters of defense they were subject to review and refused to dismiss the exceptions. We did not go further into the question at that time as it was not necessary for us to do so in order to dispose of the question then before us. In addition to the authorities cited by us in that opinion our attention has been called to the case of *Illinois* v. *Illinois Central R. R. Co.,* 184 U. S. 77. That was a suit by the State of Illinois against the railroad company to compel it to remove certain piers which it had constructed in Lake Michigan. Upon the first trial the court held that the railroad company was the owner in fee of the piers in question and entered a decree in favor of the defend-

ant. The State appealed to the Supreme Court of the United States where the judgment of the trial court was sustained in so far as it held that the defendant had the title in fee to said piers provided said piers did not extend into the lake beyond the point of practical navigability and sent the case back to the trial court with instructions to determine that question. After a hearing in the trial court on the question of whether the piers extended into the lake beyond the point of practical navigability the trial court found that said piers did not so extend and again entered a decree in favor of the defendant. The State again appealed to the Supreme Court of the United States and argued that the opinion and decree of the Supreme Court were erroneous and should be set aside. The Supreme Court refused to inquire into the correctness of its former opinion and said (p. 93): "Every matter embraced in the original decree of the circuit court and not left open by the decree of this court was conclusively determined as between the parties by our former decree and is not subject to reexamination on this appeal." In *Roberts* v. *Cooper,* 61 U. S. 467, 481, it is said that "None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation." From this it would seem to be well settled that such questions as were determined when this case was formerly before us are now the law of this case and are not now open to inquiry.

The other members of the court, while agreeing with the conclusion that the former opinion of this court to the effect that a demand upon the skating rink company constituted a demand upon Rosenbledt and Harrison is now the law of the case and not open to inquiry, desire

to express their doubt as to the correctness of that holding. The writer does not desire to join in that expression but is content with the holding that we are bound by the former opinion.

We do not hold, however, that our opinion on the writ of error has the far-reaching effect contended for by the plaintiff. It must be borne in mind that the case was then before us upon a writ of error sued out by the plaintiff to review the judgment of nonsuit entered by the circuit judge in favor of the defendants Rosenbledt and Harrison and our holding was that the notice of lien which the plaintiff offered in evidence and which was rejected was sufficient in substance and should have been admitted in evidence against said defendants and that a demand made upon the skating rink company would constitute a demand upon the defendants Rosenbledt and Harrison. Our former opinion settled those two questions and nothing more. Upon the second trial in the circuit court we think the defendants were entitled to interpose any defense warranted by their pleading and not foreclosed by our former opinion. We also think that none of the questions raised or sought to be raised by them have been foreclosed by our former opinion except the sufficiency of the notice of lien and that a proper showing of demand upon the Honolulu Skating Rink, Limited, constituted a proper demand upon them. This did not preclude the defendants from taking advantage of any defect in the showing of demand made by the plaintiff or preclude them from showing as a defense that no proper demand had in fact been made upon the skating rink company. The plaintiff when first testifying as to the demand made by him stated positively that he demanded payment of the Honolulu Skating Rink, Limited, prior to filing his notice of lien and that he made no demand upon said company at any other time. Sub-

sequently, however, he was recalled when he stated that he had not understood the interpreter then being used to interpret his testimony and that the demand which he made upon the skating rink company was made on December 15, 1914, on the day prior to the filing of this suit. The record evidence discloses that the notice of lien was filed on December 11 and that the same was served upon the defendants Rosenbledt and Harrison on December 12. The circuit judge found that a demand was made after the filing of the lien and prior to the commencement of this suit. In order to reach this conclusion the circuit judge must have believed the last statement of the plaintiff to be the true date upon which demand was made. This decision of the circuit judge depends upon the credibility of the witness and cannot be reviewed by us. The defendants' contention that the evidence shows that the demand for payment was made before the notice of lien was filed is therefore not sustained.

But the defendants insist that the evidence shows that at the time the plaintiff demanded payment of the skating rink company and at the time he filed this suit there was nothing due him under his contract. If they are correct in this contention it is undoubtedly true that a demand made at that time was not a compliance with the statute which requires demand and refusal of "the amount due" as a condition precedent to the filing of a suit to foreclose the lien. (Sec. 2867 R. L. 1915.) It would also be true that a suit filed before anything is due would have to abate as even an action in assumpsit cannot be maintained on a demand not due at the commencement of the action. (4 Cyc. 335.) "Any matter that would constitute a good defense to an action of assumpsit on the account which is the basis of the lien is a good defense to a suit to foreclose the lien, since, if

nothing is due the plaintiff, he is, of course, not entitled to relief. Thus, if the account is not due when the suit was begun, there can be no recovery. And this defense may be set up by other defendants than the debtor" (Boisot on Mechanics' Liens, Sec. 579). Section 2868 R. L. 1915 is as follows:

"Whenever the work or material for which a lien is filed shall be furnished to any contractor for use as set forth in section 2863, the owner may retain from the amount payable to the contractor sufficient to cover the amount due or to become due to the person or persons who filed the lien."

Paragraph 13 of the building contract between the plaintiff and the skating rink company is as follows:

"And it is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be six thousand four hundred & sixty three dollars & 60c—$6463.60 subject to additions or deductions on account of alterations as hereinbefore provided, and that such sum shall be paid in current funds of the owner to the contractor in installments as follows:

"Payments to be made as follows:

"At completion and acceptance of building a payment will be made to the amount of........$2000.00

"Thirty days from the date of completion and acceptance ...............................$2500.00

"Forty-five (43) days from the date of completion and acceptance ........................$1963.60

"It being understood that the final payment shall be made within forty-five (43) days after this contract is completely finished, provided, that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction; provided further, that before such payment, if required, the contractor shall give the architect good and sufficient evidence that the premises are free from all liens and claims

chargeable to the said contractor and further, that if at
any time there shall be any lien or claim for which if
established, the owner of the said premises might be made
liable, and which would be chargeable to said contractor,
the owner shall have the right to retain out of any pay-
ment then due or thereafter to become due, an amount
sufficient to completely indemnify him against such claim
or lien, until the same shall be effectually satisfied, dis-
charged, or cancelled.  And should there prove to be
any such claim after all payments are made, the con-
tractor shall refund the owner of all moneys that the lat-
ter may be compelled to pay in discharging any lien on
said premises, made obligatory in consequence of the
former's default."

The original contract is before us and from an exami-
nation of the original it appears that in each instance
where the number of days which must elapse after com-
pletion and acceptance before the final payment under
the contract is to become due the contract as originally
drawn provided that such final payment should become
due forty-five days after completion and acceptance and
was so stated both in writing and in figures.  The figures
have been changed from 45 to 43 but the written word
"forty-five" has not been changed.  No explanation of
this discrepancy has been offered by the parties.  Ordi-
narily the written words would govern and be accepted
rather than the figures which bear evidence of having
been altered without any showing as to when the alter-
ation was made.  But the defendants in their argument
have accepted the changed figures as representing the
true due date of the last instalment under the contract.
Under these conditions' we shall also accept them as
correct.

From the quoted portion of the contract it will be
seen that $2000 was due upon completion and acceptance
of the building; $2500 thirty days thereafter, and $1963.60
forty-three days thereafter.  In addition to the amount

due or to become due under the contract there was an account for extras in the sum of $550 which we assume became due and payable upon completion and acceptance of the building. The architect's written acceptance of the building is in evidence and bears date November 4, 1914. No other evidence bearing on the acceptance of the building was offered, but it appears from the evidence that the building was completed November 2. From these facts it follows that $2550 became due November 4; $2500 on December 4, and $1963.60 on December 17. But the contract also provides that "if at any time there shall be any lien or claim for which, if established, the owner of the said premises might be made liable, and which would be chargeable to the said contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due, an amount sufficient to completely indemnify him against such claim or lien, until the same shall be effectually satisfied, discharged or cancelled." Upon completion and acceptance of the building the skating rink company paid $2470 and on December 11 Lewers & Cooke, Limited, filed a notice of lien for materials furnished the contractor in the sum of $2586.61. The plaintiff admits the payment of the $2470 and the defendants claim they had the right under the terms of the contract and the provision of the statute to withhold from the amount otherwise due the amount of the Lewers & Cooke claim. If defendants were justified in withholding the amount of the Lewers & Cooke claim it is clear that there was nothing due the plaintiff on December 15 when he made his demand and nothing due on December 16 when his suit was filed.

The provision of the contract relied upon by the defendants is plain and unambiguous and authorizes the owner to retain out of any payment then due or thereafter to become due an amount sufficient to indemnify

him against such claim or lien "until the same shall be effectually satisfied, discharged or cancelled." At the time plaintiff made the demand and filed his suit the claim of Lewers & Cooke, Limited, was on file and a suit pending to enforce it, and had not been "satisfied, discharged or cancelled." We think, therefore, that the defendants were authorized to retain such amount as would indemnify them against the claim if it were ultimately established. The claim of Lewers & Cooke, Limited, was sufficiently large to take up the unpaid balance of the first instalment and extras and the second instalment. The final payment under the contract was not then due. There was nothing due which the plaintiff was authorized to demand payment of and nothing due when the suit was filed.

As bearing upon the question whether there was anything due under the contract when the demand was made and the suit filed the plaintiff has pointed out that after this suit was filed the skating rink company paid $545 on the account and the claim is that this payment constituted a confirmation of his claim as alleged in his complaint. We do not think the payment under the circumstances of this case had that effect. The $545 was paid after the final instalment became due and in the absence of additional facts amounted to no more than an admission that at that time there was an amount due the plaintiff on his contract.

The decision and judgment are contrary to the law and the evidence and the exceptions thereto must therefore be sustained and it is so ordered.

*A. Withington* (*Robertson, Castle & Olson* on the brief) for plaintiff.

*E. C. Peters* and *R. J. O'Brien* (*Peters & Smith* and *R. J. O'Brien* on the brief) for defendants Rosenbledt and Harrison.