MORRIS ROSENBLEDT, TRUSTEE FOR EVA Mc-CLELLAN, LILY NAUELE BRANDT AND OTIL-LIA ROBINSON, *v.* ERNEST H. WODEHOUSE, M. A. ROBINSON AND WILLIAM CHAMBER-LAIN, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BATHSHEBA M. ALLEN, DE-CEASED; LENA K. DYKES AND T. BRANDT.

No. 1246.

ERROR TO JUDGE OF THE LAND COURT.
HON. J. T. DeBOLT, JUDGE.

ARGUED JUNE 17, 1920.                    DECIDED JULY 14, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*law of the case—decision on reserved questions.*
    The rule generally referred to as the law of the case does not apply to interlocutory decisions and decisions on reserved ques-

tions so as to prevent this court from re-examining the same question when the case comes before it on a subsequent appeal.

DEEDS—*construction.*

In case of a grant to "E, her lawfully begotten children, their heirs and assigns," without such words as "after her decease" and E has no children at the time of the grant, the words "lawfully begotten children" become words of limitation and at common law E would take an estate tail.

SAME—*same.*

But since estates tail cannot be created or exist here E will be held to take an estate in fee simple unless in order to give effect to other provisions of the deed a different holding is necessary.

SAME—*same.*

Where such deed contains an additional provision forbidding E from selling the land it will more nearly carry out the expressed intention of the grantor to hold that E took a life estate with remainder in fee to her lawfully begotten children.

OPINION OF THE COURT BY KEMP, J.

The petitioner Morris Rosenbledt as trustee for three of the lawfully begotten children of Elizabeth Hart (nee Wond) filed his petition in the land court in which he claimed title to an undivided 3/7 interest in the land described in the petition and sought to have his title to said undivided interest registered. The respondents, trustees under the will and of the estate of Bathsheba M. Allen, deceased, appeared and claimed an undivided interest in said lands somewhat in conflict with the claim of petitioner. Other respondents made claims partly in conflict with the claim of the trustees of the Allen estate. Questions of law were reserved to this court by the judge of the land court and in the opinion reported in 24 Haw. 298 it was held that only the title of the petitioner could be registered in this proceeding and that the conflicting claims of the various respondents could not be adjudicated therein. It was also held that

Elizabeth took an estate in fee simple in said land by the deed under which all the parties claim and the land court acting upon the advice thus given it decreed that the petitioner had title to an undivided 3/9 interest in said land. From this decree the petitioner comes to this court on writ of error.

The first question to be determined is whether the former opinion of this court on the reserved questions holding that Elizabeth took an estate in fee simple is now the law of the case and as such binding upon us, or are we at liberty to reexamine that question and if we come to a different conclusion to disregard our former opinion.

There is no contention that the decree entered is erroneous provided the deed in question conveyed to Elizabeth an estate in fee simple, as formerly held by this court. If therefore the holding that Elizabeth took an estate in fee simple in said land is now the law of the case there is nothing before us open for review. Petitioner has cited the *City of Hastings* v. *Foxworthy,* 63 N. W. 955, as a leading case supporting his contention that the doctrine generally referred to as the law of the case should not be recognized. That question was recently before this court and we held with a majority of the state courts and the Supreme Court of the United States that a question decided when a case is before us on appeal will not be reexamined when the same case again comes before us on a subsequent appeal. (*Wong Wong* v. *Skating Rink,* 25 Haw. 347.)

But the plaintiff in error contends that inasmuch as an opinion on reserved questions merely advises the court reserving the questions to this court what the law on some abstract question is such an opinion does not fall within the rule under discussion. In *Lewers & Cooke* v. *Atcherly,* 222 U. S. 283, 295, it is said: "The decree

overruling the demurrer of the defendant to the bill of
the Kapiolani Estate also is relied upon. But as that
case has not passed to a final decree, and the defendant
bought the land in controversy *pendente lite*, it can stand
no better than its vendor the party to the suit. * * * If
that case instead of this had been prosecuted to final
decree there was nothing in its former action to hinder
the Supreme Court from adopting the principle now laid
down, even though it thereby should overrule an inter-
locutory decision previously reached." If an interlocu-
tory decision previously reached does not fall within
the rule under discussion it would appear that with more
reason it ought to be held that a decision rendered on
reserved questions might be overruled when the case in
which the question was reserved comes before us on ap-
peal, and under the circumstances of this case, to which
we will now refer, we think it entirely proper for us to
reexamine the question of the proper construction of the
deed in question and reach a conclusion independent of
what was heretofore held.

When the matter was here on reserved questions the
petitioner contended that Elizabeth took a life estate
with remainder in fee simple to her lawfully begotten
children who might survive her, that is, that the remain-
der was contingent upon their survival. At that time it
was contended, and is now contended, by the trustees
of the Allen estate that the remainder to the lawfully
begotten children became vested immediately upon the
birth of a lawfully begotten child subject to open and
let in after-born lawfully begotten children. The peti-
tioner has now abandoned his former contention and
makes the same contention as the trustees of the Allen
estate. The remaining respondents have filed no brief
and made no argument but submitted their case upon
the brief filed for the trustees of the Allen estate. It

appears that all of the parties making contentions at this time are united in their belief that the former opinion of this court was erroneous. It also appears that most of the interests which would lose by a rescission of our former opinion and adopting the contention now made before us have been acquired by parties appearing and making this contention.

We pass now to a consideration of the deed in question. The instrument and the facts showing the relationship of the parties are fully set out in our former opinion and need not be repeated here. Contrary to what was heretofore held we think that at common law under this deed Elizabeth would take an estate in fee tail. In *Rooke* v. *Queen's Hospital,* 12 Haw. 375, 381, this court in discussing "the rule in *Wild's* case" said: "It was further resolved that in the case of a devise simply to A, and to his children or issue, without the words 'after his decease' or their equivalent, if he had children at the time of the devise, he and they would take jointly for life, that being the manifest intent and there being nothing to prevent its taking effect, but that if he did not have children at the time of the devise, he would take an estate tail, since there was a manifest intent that the children or issue should take, and as immediate devisees they could not take, because they were not in *rerum natura,* and by way of remainder they could not take, for that was not the intent, because the gift was immediate, and therefore A would take an estate tail and 'children' would be a word of limitation." With the exception of the substitution of the words "lawfully begotten children" for the words "heirs of the body" the language used in the deed under consideration is more nearly paralleled by the language used in the devise which was under consideration in *Kinney* v. *Oahu Sug. Co.,* 23 Haw. 747, than any other that has come before

this court. In that case Mrs. Bishop devised to K and K "and to the heirs of the body of either the lot of land called 'Mauna Kamala' situated at Kapalama, Honolulu; upon default of issue the same to go to my trustees upon the trusts below expressed." In this case the grant is to "Elizabeth Wond as a wedding gift and also for the better support, maintenance and livelihood of the said Elizabeth Wond, her lawfully begotten children, their heirs and assigns," with habendum "unto the said Elizabeth Wond, her lawfully begotten children, their heirs and assigns to their only proper use and behoof forever." From the above it is seen that the grant in this case is to "Elizabeth Wond, her lawfully begotten children, their heirs and assigns" without such words as "after her decease" and she had no children at the time of the execution of the deed. Accordingly under the rule in *Wild's* case and the holding in *Kinney* v. *Oahu Sug. Co., supra*, which we will notice later, this deed would at common law have conveyed to Elizabeth Wond an estate in fee tail unless other provisions of the deed clearly show a different intent. In a subsequent clause of the deed under consideration it is provided that the land shall revert to the grantor if Elizabeth should die without leaving lawfully begotten children. This clause is quite analogous to the clause in the devise under consideration in *Kinney* v. *Oahu Sug. Co., supra*, providing for a disposition of the property in the event there should be a default of issue. If this deed contained no further provisions than the ones we have mentioned the parallel between it and the devise construed in *Kinney* v. *Oahu Sug. Co., supra*, would be complete, and in that case the conclusion of the court is summed up in the following language: "We take the view that where it does not appear that in the particular case a life estate and remainder would more nearly comply with the ulti-

mate disposition of the property and the direct benefits to be conferred thereby which the grantor and testator had in mind the attempted fee tail should take effect as a fee simple in the first taker.   This, because both are estates of inheritance and belong to the same genus; both, at common law, were subject to the incidents of dower and curtesy, and were without impeachment of waste; the tenant in tail could bar the entail; an estate tail, in point of law, bears little resemblance to a life estate and remainder; and the law generally favors the first taker.   In short, in such a case as this a holding that the first taker shall have an estate in fee simple will go as near as may be under the law toward effectuating the futile intent to create an estate tail."

The only clause in this deed which has no parallel in the devise under discussion in that case is the one which forbids the alienation by Elizabeth.   We thus have the grantor making a conveyance under which, if all of its provisions could be given effect, Elizabeth Wond would have taken an estate in fee tail with one of its incidents, namely, the right to alienate and thus bar the entail, cut off by the clause against alienation.   But, as has often been held, an estate tail cannot be created nor exist here (*Rooke* v. *Queen's Hospital, supra; Nahaolelua* v. *Heen,* 20 Haw. 372) and the clause against alienation is void (*Simerson* v. *Simerson,* 20 Haw. 57).

What course then should a court pursue when confronted with such a deed?   "In some of the States in which fees tail do not exist the estate is considered a fee simple in the first taker; in others a life estate in the first taker and remainder in fee simple in the issue, while in others it is considered one or the other according to which appears to most nearly carry out the intention of the testator" (*Rooke* v. *Queen's Hospital, supra*). The one alternative would be to hold the attempted grant

void, but so far as we are aware no court has pursued that course. In attempting to give to a deed which conveys an estate that cannot exist the effect that will most nearly carry out the intention of the grantor all of the provisions of that deed, both legal and illegal, must be considered. Hence the language which would create an estate tail and the clause against alienation, although void, are not to be entirely disregarded in the attempt to give to the deed the effect most nearly approximating the grantor's intention. (*Hubbird* v. *Goin*, 137 Fed. 822.)

As we have already said, it was undoubtedly the intention of the grantor to grant to his daughter Elizabeth an estate in fee tail with one of the incidents of such an estate cut off by the clause against alienation. If it were not for this clause against alienation we think the case would clearly fall within the ruling in *Kinney* v. *Oahu Sug. Co.*, *supra*, and there could be no question as to the correctness of our former holding. We also think that since the grantor expressed clearly that he did not desire Elizabeth to have the right to sell the land—a right incident to an estate in tail—it will more nearly carry out his intention to hold that his futile attempt to convey to her an estate in fee tail with the right to bar the entail cut off resulted in conveying to her only a life estate with remainder in fee simple to her lawfully begotten children.

On the question of whether the remainder was to only such of her lawfully begotten children as survived her or was vested immediately upon the birth of a lawfully begotten child, subject to open and let in other lawfully begotten children, we think it must be held that the latter is the estate granted although much can be said in favor of the other. It is hard to tell which holding would more nearly carry out the expressed wish

of the grantor.   Under this holding, because of the circumstances of the case, the illegitimate children of Elizabeth will be slightly benefited, a result which the grantor evidently did not desire as is evidenced by his use of the words "lawfully begotten children," but since all of the grantor's intentions as expressed in his deed cannot be carried out and since the law favors the immediate vesting of estates we resolve the doubt in favor of a remainder which vested immediately upon the birth of a lawfully begotten child subject to open and let in lawfully begotten children born thereafter.

These conclusions necessitate a modification of the decree entered in the land court as to the quantity of petitioner's interest, but in justice to the judge of the land court it should be said that he was in duty bound to follow the former decision of this court construing the deed and no error is therefore chargeable to him.

The decree is reversed and the cause remanded with instructions to the judge of the land court to enter a modified decree in accordance with the views herein expressed and the facts already before him.

*E. C. Peters* and *H. R. Hewitt* (*Peters & Smith* on the brief) for plaintiff in error.

*I. M. Stainback* (*H. Holmes* with him on the brief) for defendants in error.