WONG WONG v. HONOLULU SKATING RINK, Limited, et al.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1922.)

No. 3680.

1. Judgment ⊙⇒134—Default judgment not conclusive on answering codefendants.

In a suit by a building contractor against the owner of a building built on leased ground to establish a mechanic's lien on both building and land, a judgment by default against the lessee does not bind the lessor as to issues raised by his answer.

2. Appeal and error ⊙⇒1099(3)—Adjudication that demand was sufficient held not to preclude showing that demand was insufficient in fact.

An adjudication by an appellate court that demand on a lessee was sufficient to bind the lessors *held* not to conclude the lessors from showing on a retrial that the demand made on the lessee was insufficient in fact.

3. Appeal and error ⊙⇒1214—Right to introduce evidence after remand held dependent on showing.

Where an appellate court, on the evidence in the record, held that the trial court erred in not granting a motion by defendants for nonsuit and remanded the cause, plaintiff was not entitled to introduce further evidence without a showing which would warrant reopening of the case.

In Error to the Supreme Court of the Territory of Hawaii.

Action at law by Wong Wong against the Honolulu Skating Rink, Limited, and others. From a judgment of the Supreme Court of the Territory of Hawaii, affirming a judgment of the circuit court in favor of defendants, plaintiff brings error. Affirmed.

See, also, 22 Hawaii, 765; 24 Hawaii, 181; 25 Hawaii, 347.

Action at law by Wong Wong to recover judgment against the defendants, the Honolulu Skating Rink, Limited, a corporation, Morris Rosenbledt, and Fred Harrison, in the sum of $4,543.60, with interest and costs including the cost of filing and serving a certain lien, and that the same be adjudged to be a lien upon the building and structures of the Honolulu Skating Rink, upon the land upon which it had been erected, and the interests of the defendants, Morris Rosenbledt, Fred Harrison, and the Honolulu Skating Rink, Limited,

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therein, and that the same may be adjudged to be sold according to law, and the proceeds of the sale applied to the payment of plaintiff's claim, and the costs, charges, and expenses therein.

A. G. M. Robertson, Alfred L. Castle, W. A. Greenwell, and Arthur Withington, all of Honolulu, T. H., for plaintiff in error.

A. G. Smith, Ray J. O'Brien, and E. C. Peters, all of Honolulu, T. H. (Edward Hohfeld, of San Francisco, Cal., of counsel), for defendants in error.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

MORROW, Circuit Judge.   The defendant the Honolulu Skating Rink, Limited, a corporation, will be hereinafter designated as the Skating Rink, and the other parties, plaintiff and defendants, as in the trial court.   On December 16, 1914, the plaintiff commenced an action in the circuit court of the First circuit, territory of Hawaii, to enforce a mechanic's lien against the defendant the Skating Rink, the land upon which the building had been erected, and the interest of the defendants therein.

The complaint alleged, among other things, that on the 20th day of September, 1914, the defendant the Skating Rink entered into an agreement in writing with the plaintiff, whereby the plaintiff agreed to do all the work included in the erection and completion of a one-story building, to be used as a skating rink, upon the premises described in the notice of lien, according to the drawings and specifications made by the architect, and to furnish all labor and material incident thereto, for the sum of $6,463.60, payable $2,000 on completion and acceptance, $2,500 in 30 days from the date of completion and acceptance and $1,963.60 in 43 days from the date of completion and acceptance, subject to additions on account of alterations, provided that in each case the architect shall certify in writing that all the work upon the performance of which the payments shall become due has been done to his satisfaction; that the said building was completed and accepted on the 2d day of November, 1914, and that the architect had certified in writing that all the work had been done to his satisfaction; that the defendant the Skating Rink had paid thereon the sum of $2,470, and no more, and that there remains due and unpaid on said first payment of $2,000 the sum of $80, on said second payment of $2,500 the whole thereof, and on said third payment of $1,963.60 the whole thereof, namely, the total sum of $4,543.60, with interest thereon from the respective dates of payment, all of which it was alleged that plaintiff had demanded, and the defendant the Skating Rink had failed and refused to pay; that the said labor and material furnished under said contract and said additional work were used in the construction of certain building and structures situated on certain land described; that the said defendants, the Skating Rink, Morris Rosenbledt, and Fred Harrison, were the owners of said land, building, and structures; that the said defendant the Skating Rink held a lease on said premises for five years from the 1st day of November, 1914; that the defendants Morris Rosenbledt and Fred Harrison contracted with the defendant the Skating Rink

for said building and structures to be erected; that in pursuance to said contract said defendant Skating Rink contracted with the plaintiff to construct the said building and structures upon said land, and the plaintiff furnished said labor and material to be used, and they were used in the construction of the same; that the said building and structures were completed on or about the 2d day of November, 1914; and that on the 11th day of December, 1914, the plaintiff duly filed in the office of the circuit court of the First judicial circuit the notice of lien conformable to law, and on the same day served a copy of said lien upon the defendants. A copy of the notice of the lien is annexed to the complaint and made a part thereof.

Judgment was asked in the sum of $4,543.60, with interest and costs, and that the same be adjudged to be a lien upon said building and structures, upon said land, and the interest of the defendants therein, and that the same be ordered sold according to law, and the proceeds of sale applied to the payment of plaintiff's claim and costs and charges. The Skating Rink defaulted. On December 31, 1914, the defendants Morris Rosenbledt and Fred Harrison filed a plea in abatement to plaintiff's complaint, on the ground that under the statute of Hawaii the plaintiff's lien did not attach to the interest of the owners, Rosenbledt and Harrison, in the land upon which the building was erected.

The same question was involved in an action brought by Lewers & Cooke, Limited, v. Wong Wong, to enforce a lien for materials delivered for the same structure. The case was appealed to the Supreme Court of the Territory, where it was held that the lessor and lessee were both "owners" within the meaning of the statute, and the lien of a materialman who had furnished to the contractor materials which were used in the construction of the building will attach to the interest of the lessor in the land as well as to that of the lessee. 22 Haw. 765. Thereafter the defendants Rosenbledt and Harrison withdrew their plea in abatement in this case, and answered with a general denial, and specially that the complaint did not state facts sufficient to constitute cause of action. They also gave notice of their intention to rely upon the defense of illegality and fraud and release and payment.

At the trial of the case the defendants moved for a nonsuit upon several grounds, among others (1) that notice of the lien had not been filed at the time and in the manner provided by law; (2) that a demand had not been made upon the defendants Rosenbledt and Harrison for the amount due, and their refusal and neglect to pay the same. The court granted the motion for a nonsuit upon the two grounds stated. The court also gave judgment in favor of the plaintiff and against the Skating Rink for $5,414.60, with interest and costs.

No appeal was taken from this personal judgment against the Skating Rink, either by the Skating Rink or by the defendants Rosenbledt and Harrison. Plaintiff sued out a writ of error from the Supreme Court of the Territory, alleging that so much of the judgment as granted a nonsuit in favor of the defendants Rosenbledt and Harrison was erroneous. The Supreme Court, in the following opinion, reversed the judgment of the circuit court:

"It is urged on the part of defendants Rosenbledt and Harrison that, as no demand was made upon said defendants after the filing of the notice of lien

and before the commencement of this action, their property cannot be bound for a lien claimed by plaintiff. We have held that the statute requires demand on the owner after the notice of lien is filed and prior to commencing action for its enforcement. Lewers & Cooke v. Fernandez, 23 Haw. 744; Lewers & Cooke v. Wong Wong, 24 Haw. 39. The evidence shows that demand was made by the plaintiff upon the corporation defendant, but not upon the defendants Rosenbledt and Harrison, after the notice of lien was filed and before this action was commenced. The defendants having engaged in a joint and mutual enterprise, their interests being correlated, we think that they should be regarded in the light of joint obligors, not so far as personal liability is concerned, but so far as their interest in the property involved is affected by plaintiff's lien. It has been held that one joint obligor is the agent for his co-obligors and may bind his co-obligors by a new promise on the joint obligation. Macaulay v. Schurmann, 22 Haw. 140. By analogy the same rule should apply here, owing to the mutuality of the interest in the building upon which the lien is claimed by plaintiff. But, irrespective of that view, the defendants Rosenbledt and Harrison are bound by the demand made upon the defendant corporation owing to the limited relation of principal and agency which existed between them as herein shown. In Lewers & Cooke v. Wong Wong, 22 Haw. 765, we held that the corporation defendant here was the agent of the defendants Rosenbledt and Harrison for the erection of the building for which the lien is here claimed. The relation of principal and agent, limited as it was, presents the question whether demand upon the corporation defendant was sufficient demand upon the other defendants. We think that it was, and so hold. Scholey v. Halsey, 72 N. Y. 578, 582; Hoff v. Elder, 84 Ark. 277; Fay v. Fitzpatrick, 130 Ia. 279; Colorado Iron Works Co. v. Taylor, 12 Colo. App. 451. The agency need not be an express one, but may be one implied from the actions of the parties or surrounding circumstances. Phillips on Mechanics' Liens (2d Ed.) Sec. 65." Wong Wong v. Skating Rink, 24 Haw. 181, 192.

The cause was remanded for further proceedings consistent with the views expressed in the opinion. In the further proceedings in the trial court a judgment was entered in favor of the plaintiff for $5,443.-60, less the sum of $545, which had been paid since suit brought; the principal of the judgment being for $3,998.60, together with interest and costs, declared to be a lien upon the land. The defendants Rosenbledt and Harrison took this judgment to the Supreme Court of the Territory on writ of error and bill of exceptions. The exceptions were sustained and the judgment reversed, but not upon the ground of reversal stated in the previous decision. The court, referring to that decision, said:

"It must be borne in mind that the case was then before us upon a writ of error sued out by the plaintiff to review the judgment of nonsuit entered by the circuit judge in favor of the defendants Rosenbledt and Harrison, and our holding was that the notice of lien which the plaintiff offered in evidence and which was rejected was sufficient in substance, and should have been admitted in evidence against said defendants, and that a demand made upon the skating rink company would constitute a demand upon the defendants Rosenbledt and Harrison. Our former opinion settled those two questions and nothing more. Upon the second trial in the circuit court we think the defendants were entitled to interpose any defense warranted by their pleading and not foreclosed by our former opinion. We also think that none of the questions raised or sought to be raised by them have been foreclosed by our former opinion, except the sufficiency of the notice of lien and that a proper showing of demand upon the Honolulu Skating Rink, Limited, constituted a proper demand upon them. This did not preclude the defendants from taking advantage of any defect in the showing of demand made by the plaintiff or preclude them from showing as a defense that no proper demand had in fact been made upon the skating rink company." 25 Haw. 347, 351.

The defendants had set up the defense that nothing was due plaintiff when the demand was in fact made, and nothing due him when the suit was filed. The court examined the evidence in support of this defense, and found it fully sustained. The judgment in the lower court was accordingly reversed.

There was also in the proceedings of the lower court an exception, numbered 25, to the denial by that court of defendant's motion for nonsuit. This exception was brought to the attention of the Supreme Court for a ruling on a motion to amend the decision of that court by sustaining that exception. This motion was granted, the exception sustained, and the decision amended accordingly. Further proceedings in the lower court were necessary, and the cause was so remanded. In such proceedings the court found that, when plaintiff made his demand and filed the suit, nothing was due him under the terms of the contract, and the motion for nonsuit was granted. Judgment was accordingly entered in favor of the defendants Rosenbledt and Harrison. The case was again taken to the Supreme Court by the plaintiff upon writ of error, and the Supreme Court affirmed the judgment of the circuit court. It is from this judgment that the present appeal to this court is prosecuted.

[1] It is contended by the plaintiff that the default of the Skating Rink, on which a judgment was entered against the Skating Rink, was an admission by the principal defendant of all the allegations of the complaint upon which the finding of the court was final, as the Supreme Court could not review questions involving the weight of evidence. But the admission, finding, and judgment in favor of the plaintiff against the Skating Rink did not bind the other defendants in the case. Their defense was left free and open to any showing they might make relevant to the issues.

[2] It is next contended that the law of the case was established by the decision of the court and judgment in Wong Wong v. Skating Rink, 24 Haw. 181, 191, holding that a demand upon the Skating Rink was a sufficient demand upon the other defendants. But this was a conclusion of law, and it does not appear that it was subsequently questioned. The finding of fact in 25 Haw. 347, 351, holding that the final payment under the contract was not due when plaintiff was authorized to make the demand, and nothing was due when the suit was filed, were not findings of fact in conflict with the previous conclusion of the court upon the question of law. They were separate and distinct questions, the one of law and the other two of facts.

Plaintiff claims that, admitting the Supreme Court was right in holding that the final payment was not due when the demand was made, and nothing due when the suit was filed, because 43 days had not run, the claim for extras and the first and second installments were due, and the lien for $2,580 should have been adjudged in favor of the plaintiff, as the defendants were not entitled to a credit of $545 paid after the entire amount became due. This claim cannot be admitted, since, at the time when plaintiff filed his complaint, Lewers & Cooke had filed a lien for the sum of $2,586.61. Lewers & Cooke v. Wong Wong, 22 Haw. 765.

[3] The final contention is that the plaintiff was deprived of his right to introduce further evidence tending to show that the building was accepted on November 2, 1914, when the circuit court entered judgment on motion without any order therefor from the Supreme Court. The Supreme Court, in its decision directing the judgment from which the present writ of error is prosecuted, said:

"In the case at bar we held, upon what appears to be all the evidence available, that at the time this suit was instituted, there was nothing due the plaintiff, and sustained an exception to the overruling of defendant's motion for a nonsuit for that reason. * * * In the light of our opinion, there was nothing left for the circuit court to do but render a judgment of nonsuit in favor of these defendants. * * * Finding no error in the record requiring a reversal of the judgment entered, the same should be affirmed; and it is so ordered."

The contract between the parties provided that payment should be made as follows: At completion and acceptance of building a payment would be made to the amount of $2,000; thirty days (30) from the date of completion and acceptance $2,500; forty-five (43)[1] days from the date of completion and acceptance, $1,963.60. "It being understood that the final payment shall be made within forty-five (43) days after this contract is completely finished, provided that in each of said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction."

The certificate of the architect was in the record, dated November 4, 1914. It was treated as a true statement, and upon its terms the judgment in favor of the defendants Rosenbledt and Harrison was entered. If the plaintiff desired to contradict this certificate, some showing should have been made upon which the court would have been authorized to open the case and receive such evidence. No such application was made to the court. The final payment, upon the terms of the contract and that certificate, was due December 17th. This suit was brought on December 16th. Nothing was due to the plaintiff at that time. The Supreme Court was clearly justified in holding that there was nothing for the circuit court to do but to enter judgment in favor of the defendants Rosenbledt and Harrison.

The judgment of the Supreme Court of the Territory is affirmed.

---

[1] Note.—The figures in the contract have been changed from 45 to 43, and the latter accepted as correct without objection. Wong Wong v. Skating Rink, 25 Haw. 347, 354.